THE NATIONAL FIREPROOFING COMPANY *vs.* THE TOWN OF HUNTINGTON ET ALS.

Third Judicial District, New Haven, January Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

General Statutes, §§ 4135–4138, creating, under certain conditions, a mechanic's lien in favor of an original contractor or any subcontractor for materials furnished and services rendered in the construction of "any building, or any of its appurtenances," was not intended to apply to a public schoolhouse, or to any public building owned by the State or by any of its municipal corporations created for purely governmental purposes, the cost of which could be defrayed by the free exercise of the power of taxation.

The equities of a subcontractor are derived from, and are not superior to, those of the original contractor.

This statute is in derogation of the common law, and calls for a strict rather than a liberal construction.

Statutes which are general in their terms may nevertheless admit of implied exceptions, if the intent of the lawmakers is sufficiently clear when read in the light of the conditions which called for such legislation.

The mischief which a statute was designed to remedy is an important guide in ascertaining its meaning.

The case of *Botsford* v. *New Haven, Middletown & Willimantic R. Co.*, 41 Conn. 454, distinguished.

Argued January 20th—decided February 16th, 1909.

ACTION by a subcontractor against the town of Huntington and sundry other subcontractors, who, like the

plaintiff, had filed certificates of mechanics' liens on a town schoolhouse, to foreclose the plaintiff's lien; to ascertain what balance was due from the town on the "purchase price," and the respective amounts of the several liens; and to have the balance due from the town apportioned among the several lienors; brought to the Superior Court in Fairfield County and reserved (*Gager, J.*) for the advice of this court, on a stipulation as to the facts. One of these was that the town of Huntington, in the case of the plaintiff's lien and the lien of each of the defendants appearing, had on hand at the time of the filing of the lien and of the service of notice of intention to claim lien, an amount of money sufficient to pay such lien, and subject to such lien under the contract with the contractor if such lien is valid. *Judgment advised for the defendants.*

*Edward A. Harriman*, with whom was *William S. Downs*, for the plaintiff.

*John W. Banks*, for the defendant town.

BALDWIN, C. J.   General Statutes, §§ 4135–4138, provide for the creation, under certain conditions, of a mechanic's lien in favor of any original contractor or subcontractor, having a claim for over $10 for material furnished or services rendered in the construction of "any building, or any of its appurtenances." These general words, if taken literally, cover every kind of building, public or private. It is clear, however, that they could not be construed to embrace buildings belonging to the State. *State* v. *Kilburn*, 81 Conn. 9, 11, 69 Atl. 1028. Nor do they include any public buildings, belonging to corporations or communities created by the State as governmental agencies for purely public purposes, to defray the cost of which they can freely exercise the power of taxation.

The mischief which the statute was designed to remedy

is an important guide in ascertaining its meaning. A thing within the letter of a statute may be unaffected by its provisions, if not within the intention of the makers, and if what was this intention sufficiently appears from the terms which they used, in connection with the conditions calling for such legislation. *Bridgeport* v. *Hubbell*, 5 Conn. 237, 243; *Wetherell* v. *Hollister*, 73 id. 622, 625, 48 Atl. 826; *Kelley* v. *Killourey*, 81 Conn. 320, 70 Atl. 1031. The statute under consideration created a new means of securing the claims of a particular class of creditors. It is in derogation of the common law, and of a kind calling for a strict rather than a liberal construction. *Chapin* v. *Persse & Brooks Paper Works*, 30 Conn. 461; *Hubbell* v. *Kingman*, 52 id. 17, 19.

The mischief to be prevented was loss to those furnishing services or materials in the construction of a building, if unable to collect what might be due them on such account from the owner of the real estate. The original contractor for the erection of a public building for such a public corporation as has been described is always sure of his pay. His debtor commands the resources of the whole community. As no lien is necessary for his protection, it is not to be presumed, in view of what such a lien would put it in his power to do, that the General Assembly intended to give him one. The possessor of a mechanic's lien on real estate can gain title to it by foreclosure. If such a lien can be imposed upon public buildings, they can thus be turned into private buildings. If it can attach to a schoolhouse, it is difficult to see why it would not equally attach to a city hall, a county court-house, or a county jail. It would be intolerable to put it in the power of a private citizen, in case the negligence of a county should result in his obtaining a foreclosure of a mechanic's lien, to take possession of a court-house and turn out the courts, or of a jail and turn out the prisoners.

It is suggested that the statute may be so construed

as to permit a lien, but not its enforcement against the public corporation. This would strip the privilege of most of its value. The right and the remedy must stand or fall together. True, should the corporation sell the building to a private citizen, such a lien might be foreclosed; but it is ordinarily to be presumed that a building devoted to public uses will continue permanently to be devoted to them.

It is therefore our opinion that the statute was not intended to give any lien on a public building to an original contractor. This being so, it cannot have been within its purpose to give one to subcontractors. To them the owner of the building owes no debt. Their equities are derived from their relation to the original contractor, and are not superior to his.

We have held that a railroad station owned by a railroad corporation may be the subject of a mechanic's lien. *Botsford* v. *New Haven, M. & W. R. Co.*, 41 Conn. 454. Such a corporation being a private one, though serving public as well as private uses, and having no power of taxation to pay its debts, is not at all in the position of a strictly governmental agency, such as is a town or county. *Bradley* v. *New York & N. H. R. Co.*, 21 Conn. 294, 306; *McKeon* v. *New York, N. H. & H. R. Co.*, 75 id. 343, 348, 53 Atl. 656.

The claims for relief other than that for a foreclosure are subsidiary to that and must fall with it.

The Superior Court is advised to render judgment for the defendants; and they will recover costs in this court.

In this opinion the other judges concurred.