## James E. Fenton et al. *vs.* The Fenton Building Company.

Second Judicial District, Norwich, October Term, 1915.

Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

Public buildings belonging to the State, or to any municipal corporation created for purely governmental purposes, cannot be subjected under our statute (§ 4135) to a mechanic's lien for services rendered or materials furnished in their construction.

In the present case the defendant building company agreed separately with the State, with a town, and with a church corporation, to erect buildings for each of them under contracts which contained a clause to the effect that if at any time there should "be evidence of any lien or claim" for which, if established, the respective owners of the premises might become liable, such owners might retain from the balance due or to become due an amount sufficient to indemnify them against such lien or claim. Subcontractors under each contract sought to establish liens against the respective properties, and upon an application by the receiver of the building company to set aside such alleged liens it was *held:*—

1. That it was not essential to the exercise of the owner's right to withhold moneys for the purpose of indemnification, that the evidence of a lien or claim should be conclusive upon its face of the validity of the asserted obligation.

2. That claims, at least, might be made against the respective owners under an assignment or assignments from the building contractor, or by a creditor of the latter upon garnishee process; and therefore substantial reasons existed for inserting such a clause in the building contracts other than the protection of subcontractors, materialmen and mechanics at work upon the buildings.

3. That the moneys withheld by the State and by the town were not impressed with a trust in favor of the subcontractors and materialmen who had sought to establish liens upon the respective properties for the payment of their claims in preference to the general creditors of the insolvent building contractor.

An action at law lies in favor of a receiver of a building corporation to recover an alleged balance due from the owner of the premises; and the validity of a lien which is set up in defense may be adjudicated in such action after the lienor has been cited in as an interested party.

A trial court has no jurisdiction to determine the validity of a mechanic's lien in a proceeding to which the owner of the property is

not a party; and if it undertakes to do so, this court has no juris-
diction of that question on appeal.

There is no reason why the receiver of a building corporation may not
file a lien upon private property to secure himself for material and
labor furnished in the carrying out of its contracts.

A subcontractor whose contract is adopted and continued in force by
the receiver of the general contractor, may file a lien upon private
as distinguished from public property, within sixty days after the
completion of his work, and may include therein all labor and ma-
terial furnished by him before, as well as that furnished after, the
receiver's appointment.

Argued October 19th—decided December 17th, 1915.

APPEALS by four creditors of the defendant in receiv-
ership proceedings pending in the Superior Court in
New London County, from decisions of that court,
*Shumway, J.*, holding that their claims were not pre-
ferred over those of other creditors, and that an alleged
lien in favor of one of the creditors to secure his claim
was void. *Error in part.*

Upon proceedings brought by some of its stockholders
against the Fenton Building Company, a corporation
then engaged in the business of building and contract-
ing, John A. Moran was appointed receiver to wind
up its affairs, and to continue its business so far as it
might be necessary to complete all contracts thereto-
fore entered into by it. It was at that time engaged in
constructing an armory and auditorium for the State
of Connecticut at the Connecticut Agricultural Col-
lege in the town of Mansfield, a high school for the town
of Windham, and a convent building for the St. Joseph's
Polish Roman Catholic Church at Norwich, all under
written contracts.

The appellant the Berlin Construction Company,
under two written contracts with the Fenton Com-
pany, had, prior to the receivership, furnished structural
steel and other material and labor used in the con-
struction of the auditorium and armory for the State

Agricultural College, of the value of $7,654; to complete the balance of its contracts with the Fenton Company would cost $1,200 more. Within sixty days after the appointment of the receiver the Berlin Construction Company filed in the office of the town clerk of the town of Mansfield a notice that it claimed a mechanic's lien upon the armory and auditorium and the lot whereon it stands.

The contract between the State and the Fenton Company contained an article which reads as follows:— "Art. IX. It is hereby mutually agreed between the parties hereto that the sum to be paid by the owners to the contractors for said work and materials shall be fifty-one thousand, five hundred dollars ($51,500.00) subject to additions and deductions as hereinbefore provided, and that such sum shall be paid by the owners to the contractors, in current funds, and only upon certificates of the architects, as follows:

"Eighty-five per cent (85%) of the cost of labor and materials used in the construction of the building or delivered on the premises at the first of each month. Contractor shall give the superintendent an itemized statement of the same on said date for approval before payment is made.

"The final payment shall be made within fifteen (15) days after the completion of the work included in this contract, and all payments shall be due when certificates for the same are issued.

"If at any time there shall be evidence of any lien or claim for which, if established, the owners of the said premises might become liable, and which is chargeable to the contractors, the owners shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify them against such lien or claim. Should there prove to be any such claim after all payments

are made, the contractors shall refund to the owners all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractors' default."

At the time the receiver was appointed there was withheld from the Fenton Company by the Trustees of the Connecticut Agricultural College, under the terms of this article, $6,199.97.

The contract between the Fenton Company and the town of Windham contained an Article IX like the one in the contract with the State. The appellants Hillhouse & Taylor and Moriarty & Rafferty furnished materials and labor which were used in the construction of the Windham High School house under this contract. A large sum was due to each of these firms when the receiver was appointed. Each, within sixty days after the receiver's appointment, filed a certificate of lien upon the High School building and the lot on which it stands.

The appellant Casper K. Bailey, under a contract with the Fenton Company, furnished labor and materials in the construction of the convent building by the Fenton Company, under its contract with the St. Joseph's Polish Roman Catholic Church, until the receiver's appointment, and in completing his contract after such appointment of the receiver, the latter having continued the business of the Fenton Company and completed its contract with the Church. Within sixty days after Bailey completed his contract he gave notice of his intention to claim a lien on the convent building and the lot on which it stands, and filed a certificate of lien for the amount of his claim, $707.11, upon the lot and building within sixty days after he finished the work thus claimed to have been done under his contract. This was more than sixty days after the appointment of the receiver.

The receiver asked the Superior Court to set aside as void all of these liens, and the court, after a hearing had thereon, held the liens void and set them aside, but without prejudice to the appellants' claims that the moneys withheld under Article IX of the contracts were held in trust for the payment of these claims and that as to that money these claims were preferred. At a later hearing upon this latter claim the court held that none of the appellants' claims had any preference. The appellants the Berlin Construction Company, Hillhouse & Taylor, and Moriarty & Rafferty, appeal from the last named ruling. Casper K. Bailey appeals from the ruling holding his lien to be void.

*Arthur L. Shipman* and *William A. King*, for the appellant The Berlin Construction Company.

*William A. King*, for the appellants Hillhouse and Taylor.

*Samuel B. Harvey*, for the appellants Moriarty and Rafferty.

*William H. Shields* and *William H. Shields, Jr.*, for the appellant Bailey.

*Charles V. James*, for the appellee, receiver.

THAYER, J. The appellants the Berlin Construction Company, Hillhouse & Taylor, and Moriarty & Rafferty, have not appealed from the decision of the Superior Court which held that their claimed liens against the State and the town of Windham were void. The State and town were made parties to the receiver's application, and they make no question as to the correctness of that decision, so that no question touching

it is before us.   These appellants, however, by their
answer to the receiver's application, raised the question
whether the money which is withheld by the State
and town under Article IX of their respective contracts
with the Fenton Company, is held in trust by them
for the payment of subcontractors under the Fenton
Company, and from the court's decision holding that
it is not, they have appealed.  The method of procedure
to raise the question was irregular, but as all the parties
in interest are before. the court and desire a decision
of the question, we are not averse to deciding it.

The appellant Bailey has appealed from the decision
of the court declaring his lien to be void.  His case thus
presents a different question from that which is raised
by the other appellants, and must be treated by itself.

Article IX of the contracts of the Fenton Company
with the State and with the town of Windham provides,
in its first paragraph, the amount which is to be paid
for the work and materials to be furnished under the
contract; paragraph two provides that eighty-five per
cent of the cost of labor and materials furnished shall
be paid on the first of each month; paragraph three pro-
vides for the final payment.  Paragraph four, under
which the appellants make their claim, provides that
if at any time there shall be evidence of any lien or
claim for which, if established, the owners might be-
come liable, and which is chargeable to the contractor,
the owners shall have the right to retain out of any
payment then due or thereafter to become due an
amount sufficient to completely indemnify them against
such lien or claim.  The appellants claim that they
relied upon this clause as assurance that they would
be protected by the State against the contractor's de-
fault in paying its bills for material and labor.  The
court has found that the appellants did not rely upon
this clause for security for their payment, and one at

least of the appellants asks for a correction of the finding. But as the construction which we place upon the contract renders it unimportant whether they so relied or not, we do not stop to discuss the correctness of the finding.

As a mechanic's lien, under our statute (§§ 4135–4138) cannot be established against land belonging to the State or to corporations or communities created by the State as governmental agencies for purely public purposes (like counties and towns), for services and materials furnished in constructing buildings thereon (*National Fireproofing Co.* v. *Huntington,* 81 Conn. 632, 633, 71 Atl. 911), it is claimed by the appellants that the paragraph of Article IX now in question must have been embraced in the contracts of the State and the town either by pure mistake or for the express purpose of protecting materialmen and other subcontractors on the State Agricultural College and Windham High School jobs. While it is true that valid liens of this character could not be established against the property of the State or town, the State or town might have, and in fact did have in this case, evidence that such liens would be claimed; and notice thereof had been given in the case of one of these appellants to the town of Windham of such a claim before the receiver was appointed, and after the receiver was appointed such notices were given by the other two appellants. These were claims on which, if established, the owners of the land—the State or the town of Windham—would have been liable. We think that the parties did not intend, by the language used in the paragraph in question, that the evidence of a lien or claim should be conclusive on its face of its validity, in order to warrant the retention by the owners of moneys sufficient to indemnify them if the claim should ever be established. If it should be claimed that the

State and the town of Windham knew that their property was not subject to mechanics' liens, and so would not attempt to indemnify themselves against liability for such liens, it is to be noticed that the language of the paragraph is "liens or claims." A party might claim by assignment from the Fenton Company the amount due or to become due under the contract, or some monthly payment under it, and give the State or town notice of such assignment and claim, or a creditor of the Fenton Company might garnishee the town or State in an action against that Company. In such case the State or town would have notice of a claim to the amount due or to become due under the contract, for which, if established, they might become liable, and which would be chargeable to the contractor, the Fenton Company. There can be no doubt that the State or town, upon evidence of such claims being thus brought to their attention, might, under Article IX, retain sufficient money in their hands to indemnify themselves against such claims. There were, therefore, substantial grounds for inserting Article IX in the contract, and it cannot be said to have been inserted by pure mistake or for the purpose of protecting subcontractors, materialmen and laborers on the job, which is the appellants' other alternative. The language used by the contracting parties, furthermore, expresses the purpose which the parties had in view, namely, to indemnify the owners—the State and the town—against any lien or claim of which they should have evidence, attempted to be enforced against their land and buildings or the moneys in their hands due for the construction of the buildings. The purpose being thus clearly expressed, we are not to search for purposes by implication.

The cases to which we have been referred by the appellants, *Friedman* v. *County of Hampden*, 204 Mass.

494, 90 N. E. 851; *Merchants & Traders Bank* v. *Mayor of New York*, 97 N. Y. 355, and *Knapp* v. *Swaney*, 56 Mich. 345, 23 N. W. 162, are not in point. While in the Massachusetts case the contract contained a clause precisely like the one contained in the contracts which we are considering, the case turned upon the construction and effect of a statute which provided security for such debts, arising out of contracts made in behalf of counties, cities or towns for the construction of public buildings, as could form the basis for a lien if the building belonged to a private person, and it was held that the officers of the county and the contractor for the erection of the building contracted with reference to this provision, and that subcontractors who would have been entitled to a lien on the building had it been erected for a private person, had a lien upon the moneys due after the contract was completed and then in the hands of the county officers. The New York case turned upon the effect of a city ordinance which was passed under authority of the legislature of New York to give contractors with the city some of the advantages which the mechanic's lien law gave to mechanics and workmen in the case of contracts with individuals for the erection of buildings. In the Michigan case the contract specifically provided that the final payment should not be made to the contractor if it appeared that there were outstanding claims for materials or labor unpaid. It was claimed that the officers for the county had no authority to make such a contract and the court ruled otherwise.

We find no error in the court's ruling that the moneys retained by the State and the town under the contract were not impressed with a trust in favor of the appellants' claims.

Bailey's case, as appears above, differs from that of the other appellants. The receiver filed an application

to have a lien, which Bailey had placed upon the town records against the convent property of St. Joseph's Church Corporation, declared void. The Church Corporation, whose property is thus charged with a lien, was not cited in and was not before the court. The court sustained the application and held the lien to be void. It appears from the finding that Bailey had a contract with the Fenton Company to do the excavating and furnish sand and other material for the convent building which the Company was to build for the Church. He had partly performed his contract when the receiver was appointed, and performed the remainder after his appointment, the latter continuing the business of the Fenton Company in executing its contract with the Church, as he was authorized to do under his appointment by the court. The lien affects the property of the Church in which the receiver has no interest, as it does not appear that he or the Fenton Company have filed any lien against it. The receiver alleges that he is prevented by the lien from receiving what is due him as receiver from the Church. The Church doubtless refuses to pay until the matter of the lien is adjusted. But if the Church thus refuses to pay, the receiver can proceed by an action at law to collect anything which may be due from the Church, if, as he alleges, the lien is void. In such action Bailey could be brought in by proper pleadings, and the question of the validity of the lien could be determined, all parties in interest being before the court. But the receiver was not entitled to have the validity of the lien determined in a hearing to which the Church was not a party. The court had no jurisdiction to hear the matter until the Church was cited in. For the same reason this court has no jurisdiction of the matter.

But it may advance the settlement of the affairs of the Fenton Company if we say that upon the facts

which have been established upon the hearing which has been had it does not appear that Bailey's lien is void. We know of no reason why the receiver might not file a lien to secure himself for materials and labor furnished in carrying out the Fenton Company's contract. In case there were other creditors liable to attach or otherwise obtain a preference, it might be his duty to do so. If the receiver could file a lien, Bailey, the subcontractor, could undoubtedly file one to secure him for so much of his claim as is for labor and materials furnished after the receiver's appointment. We think, also, that he could include in his lien the amount furnished prior to the receiver's appointment. All that he furnished upon the job was done under a single contract made with him by the Fenton Company but continued by the receiver, who was winding up its affairs. The receiver was not a new, original contractor with the Church Corporation, or with Bailey. He was merely an officer of the court authorized to carry out the Fenton Company's contracts with the Church and with Bailey, their subcontractor. When Bailey filed his lien he correctly stated the time when he began to furnish materials and labor under the contract, and when he ceased to furnish them. We think that he was not obliged to file a separate lien for the part furnished prior to the receivership, but that he was entitled to file a lien for his entire claim within sixty days after he completed furnishing labor and materials under the contract. In *Fitch* v. *Baker*, 23 Conn. 563, a claimant filed a single lien for work and materials furnished under two contracts, and it was held good. For aught that appears in the record Bailey's lien was properly filed. But upon another hearing, with all parties in interest present, other facts affecting the equities may appear. We can only decide, therefore, that the court erred in rendering a judgment in the case affecting

the interests of parties who were not before the court.

There is no error in the judgment upon the application relating to the claims of the Berlin Construction Company, Hillhouse & Taylor, and Moriarty & Rafferty, and that judgment is sustained. There is error in the judgment upon the application of Casper K. Bailey, and for the reasons given it is set aside.

In this opinion the other judges concurred.