BAY STATE STREET RAILWAY COMPANY *vs.* CITY OF WOBURN.

Middlesex.   November 13, 1918. — February 27, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Municipal Corporations.   Woburn.   Statute,* Construction.   *Words,* "Shall," "May."

The requirement in the revised charter of the city of Woburn contained in St. 1897, c. 172, § 42, that every contract made by any department of the city, where the amount involved is $500 or more, "shall be accompanied by a bond with sureties satisfactory to the board or committee having the matter in charge, or by deposit of money or by other security for the faithful performance of such contracts," is mandatory and applies to all such contracts made with any person or corporation whatsoever.

A contract between the city of Woburn and the Bay State Street Railway Company for the transportation of crushed stone for use upon the streets of that city, under which the minimum charge for such service for a year is fixed at $3,350, if accompanied by no bond or deposit as required by St. 1897, c. 172, § 42, is void.

The rule of statutory construction, that, where a word is used in a section of a statute in a certain sense and is used again later in the same section, it will be taken to have been used each time in the same sense in the absence of reasons to the contrary, here was referred to as illustrated by the provision passed upon.

One making a contract with officers of a city is chargeable with knowledge of a limitation imposed by the city charter upon the contractual powers of such officers.

CONTRACT against the city of Woburn on a contract in writing dated June 18, 1912.   Writ dated June 26, 1915.

In the Superior Court the case was submitted to *Morton, J.,* upon a statement of agreed facts, containing the facts that are stated in the opinion.   The judge found the facts to be as agreed and stated that he drew no inference of fact from those stated and found no further facts.   At the request of the parties the judge under St. 1917, c. 345, reported the case for determination by this court without making any decision thereon.

*A. F. Converse,* (*J. G. Maguire* with him,) for the plaintiff.

*H. P. Johnson,* for the defendant.

RUGG, C. J.   A written contract was executed between the plaintiff and the defendant with the formalities and by the officers required by law on June 18, 1912.   It related in general to the

transportation by the plaintiff of crushed stone of the defendant for use upon its streets. By article 4 of the contract prices per ton were fixed and it further was provided that, "if the aggregate charge for the services of the said Street Railway Company hereunder during the period of one year from the date when the work is commenced, shall at the rate aforesaid be less than the sum of thirty-three hundred and fifty dollars ($3,350), said City will pay to said Street Railway Company the difference between said sum of thirty-three hundred and fifty dollars ($3,350) and the charge for the actual services hereunder at the rate aforesaid." It is agreed that the charge for the year from August 13, 1912, when the plaintiff began transporting under the contract, to August 13, 1913, according to the price per ton amounted to $823.43. This action is brought to recover the difference between $823.43 and $3,350, the minimum charge for a year established by the contract. The defendant contends that there can be no recovery because, among other reasons, certain requirements of its charter, St. 1897, c. 172, were not observed respecting the contract.

It is provided by § 42 of the charter that "All contracts made by any department of the city shall, when the amount involved is five hundred dollars or more, be in writing, and no such contract shall be deemed to have been made or executed until the approval of the mayor is affixed thereto. All such contracts shall be accompanied by a bond with sureties satisfactory to the board or committee having the matter in charge, or by deposit of money or by other security for the faithful performance of such contracts, and such bonds or other security shall be deposited with the city auditor until the contract has been carried out in all respects; and no such contract shall be altered except by a written agreement of the contractor, the sureties on his bond, and the officer or board making the contract, with the approval of the mayor affixed thereto."

It is agreed that no bond was given by the plaintiff to secure the performance of this contract. That is fatal to right of recovery on the part of the plaintiff.

The word "shall" in its ordinary signification is mandatory and not permissive. It is to be given that meaning unless by the context it appears that a different one was intended or is necessary to effectuate the chief purpose of the statute. *Rea* v.

*Aldermen of Everett,* 217 Mass. 427, 430, and cases there cited. Even "may," in connection with a duty to be observed, is used in an imperative rather than a cautionary sense in instances where the intent of the lawgivers seems to require it. *County of Worcester* v. *Schlesinger,* 16 Gray, 166, 168.

It seems manifest that in this section of the charter the word "shall" imports command and not mere admonition. The bond is for the protection of the public. Its design is to save the city from damages likely to ensue from letting contracts for municipal work to irresponsible and worthless persons. It is a comparatively common provision. See *Wheaton Building & Lumber Co.* v. *Boston,* 204 Mass. 218, 222. It would be without substantial value unless it be held to be prohibitive against the validity of contracts not accompanied by bonds, and binding upon all city officials. The word "shall" occurs elsewhere in the same section plainly with a mandatory significance, as for example that contracts involving more than a certain amount "shall" be in writing and approved by the mayor. *McGovern* v. *Boston,* 229 Mass. 394, 397. When a word is used in one sense in one part of a statute the natural inference is that the same word is used in the same sense in other parts of the section in the absence of countervailing reasons.

The plaintiff was chargeable with knowledge of this limitation upon the contractual powers of the city. *United States Drainage & Irrigation Co.* v. *Medford,* 225 Mass. 467, 472.

The force of the statute cannot be waived or abrogated simply because the person contracting with the city appears to be of such financial responsibility as to render unnecessary the requirement of a bond. The statute is general in its terms and applies to all alike.

It becomes unnecessary to consider the other matters urged in defence.

*Judgment for the defendant.*