ROSE H. ROGERS, ADMINISTRATRIX (ESTATE OF GEORGE C. ROGERS), ET AL. *v.* COUNTY COMMISSIONERS OF NEW HAVEN COUNTY

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 3—decided July 7, 1954

*Louise Untermyer Wit*, with whom were *Morris B. Straka* and, on the brief, *James F. Rosen, Harry A. Cohen* and *John M. Murphy*, for the appellants (plaintiffs).

*Ellsworth B. Foote,* for the appellees (defendants).

BALDWIN, J. This is an action for a declaratory judgment determining whether the defendant county commissioners of New Haven County were obligated to furnish legal counsel to the named plaintiff's decedent, Sheriff George C. Rogers, and to the other plaintiffs, Deputy Sheriff James V. Porto and Deputy Jailer Edward Kromer, for their defense of two actions brought for neglect of duty and illegal imprisonment, and whether the commissioners are obligated to pay the plaintiff James F. Rosen, an attorney in New Haven, for his services in that defense. The trial court rendered judgment declaring that the county commissioners were not obligated, and the plaintiffs have appealed.

The stipulated facts may be stated briefly as follows: On July 9, 1949, actions were instituted by Milton Chasnoff and the New England Grinding Company, Inc., against Sheriff Rogers, Deputy Sheriff Porto and Deputy County Jailer Kromer, claiming damages for illegal detainer and imprison-

ment. The sheriffs and jailer requested Rosen to defend the actions but did not inform the county commissioners of New Haven County of what they had done. The actions were tried and resulted in judgments for all the defendants therein after an appeal to this court. *Chasnoff* v. *Porto,* 140 Conn. 267, 99 A.2d 189; see A-309 Rec. & Briefs, back of p. 152. Rosen performed legal services for Rogers, Porto and Kromer to the value of $1511.65. He made demand upon Rogers, his administratrix, Porto and Kromer, but they have not made payment. Thereafter he demanded payment from the county commissioners, but they have denied any liability.

The plaintiffs concede that the county commissioners never expressly authorized the employment of counsel to defend the actions. They contend, however, that there was an implied obligation for the commissioners to provide counsel, arising by operation of law because the sheriff and his appointees are county officers and the commissioners are required to furnish and pay for the bonds which the statutes require of county officials.

To charge the county commissioners with liability for legal expenses incurred by the sheriff, his deputy and the deputy jailer, it must appear that they were acting in a matter in which the commissioners had an official interest. *Hotchkiss* v. *Plunkett,* 60 Conn. 230, 234, 22 A. 535; *Maitland* v. *Thompson,* 129 Conn. 186, 190, 27 A.2d 160; see *Pope* v. *Watertown,* 136 Conn. 437, 439, 72 A.2d 235. The actions against the sheriffs and jailer arose out of the exercise of their powers and the performance of their duties in connection with a civil action. They were acting as officers of the law and not in behalf of the county commissioners or in the interest of the county. The county could derive no benefit whatever from what they did while

executing the law relating to civil process. No liability can arise by implication out of such a state of facts, because there could be no implied obligation to pay for services which the commissioners were without power to engage. Public officers, such as county commissioners, can only act within the scope of the powers and duties which the law prescribes for them. Their implied powers are limited and, in the instant case, would not extend to a matter in which the county was not involved. *State* v. *Hartford Accident & Indemnity Co.,* 138 Conn. 334, 339, 84 A.2d 579; 43 Am. Jur. 68, § 249. The plaintiff Rosen stands in no better position than the other plaintiffs. The county commissioners did not request his services or approve his bill, and they were without power to do so.

The plaintiffs point to § 1271c of the 1953 Cumulative Supplement, which amends General Statutes, § 3026, by providing that the "respective counties shall be responsible for all damages that any person may sustain through the fault or negligence of any person . . . appointed by the sheriffs in the respective counties." This amendment became effective on June 11, 1953, long after the events occurred upon which the claims against the sheriff and his appointees were based. The amendment has a prospective operation only, because its terms do not show a legislative intent that it shall operate retrospectively. *State ex rel. Rundbaken* v. *Watrous,* 135 Conn. 638, 648, 68 A.2d 289; *Massa* v. *Nastri,* 125 Conn. 144, 146, 3 A.2d 839; *Shay's Appeal,* 51 Conn. 162, 164. Furthermore, the fact that the General Assembly saw fit to make this change is a clear indication that theretofore the counties were not in any way obligated because of the neglect or default of a sheriff, his deputy or a deputy jailer. Nor is the fact that the county is re-

quired by law to pay the premiums upon the bonds of these officials of any controlling significance. Since their powers are limited by county boundaries, it is fair to assume that the legislature established this method of payment as a matter of administrative convenience.

The trial court was correct in concluding that the defendant county commissioners were not obligated to pay for the legal services rendered to the named plaintiff's decedent and to the plaintiffs Porto and Kromer.

There is no error.

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.