CITY OF NORWALK *v.* FERDINANDO DANIELE

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued November 2—decided December 21, 1955

*Robert B. Devine,* for the appellant (plaintiff).

*Robert J. Callahan,* for the appellee (defendant).

BALDWIN, J. The plaintiff city brought this action for damages for the breach of a contract with the defendant to erect wire fencing around play areas on public school grounds. The plaintiff had advertised for bids to do this public work. The defendant submitted the lowest bid, and the common council voted to accept it and to award the contract to him.

No bond as required by General Statutes § 7214 was filed. The court rendered judgment for the defendant, and the plaintiff has appealed. The crucial question is whether the failure to file a bond rendered the contract invalid.

Section 7214 of the General Statutes provides that before any contract exceeding $1000 in amount for the construction of any public work "of the state or of any subdivision thereof" is awarded to any person, such person shall furnish "to the state or such subdivision" a bond in the amount of the contract, with surety, for the "protection of persons supplying labor or materials" for the public work. The statute originated in the Public Acts of 1917, chapter 118. This court had held, in 1909, that the act (Rev. 1902, §§ 4135-4138) providing for a mechanic's lien for materials furnished or services rendered in the construction of "any building, or any of its appurtenances," did not apply to a public building owned by the state or by a municipal corporation created by the state for purely governmental purposes. *National Fireproofing Co.* v. *Huntington,* 81 Conn. 632, 633, 71 A. 911. This holding was subsequently approved in 1915 in *Fenton* v. *Fenton Building Co.,* 90 Conn. 7, 13, 96 A. 145. The obvious purpose of the 1917 enactment was to remedy this situation.

The first claim of the plaintiff is that the phrase "any subdivision thereof" is limited to the several officers, boards, branches or departments of the state and does not embrace municipalities. In 1925 the General Assembly enacted a statute which provided that any officer or agent contracting in behalf of any "town, city or borough, or subdivision thereof," for the construction of any public building, road, sewer or bridge should require, as a condition precedent to the execution of the contract, a bond for the

payment of laborers and materialmen. Public Acts 1925, c. 170. The object appears to have been the extension of the rights afforded by the 1917 act, then § 5221 of the 1918 Revision, to municipal roads and sewers, which were not included in the earlier statute. When the statutes were next revised, the phrase "town, city or borough, or subdivision thereof," was not used; the general phrase "state or any subdivision thereof" was employed by the revisers. Rev. 1930, § 5109. The plaintiff asserts that this change in wording shows a legislative intention that the law as revised no longer included municipalities.

It is a rule of statutory construction that the legislature is presumed to know the prevailing law and enacts a statute with the existing relevant legislation in mind, intending the statute enacted to be interpreted in the light of pertinent legislation already in being. *Jennings* v. *Connecticut Light & Power Co.*, 140 Conn. 650, 665, 103 A.2d 535, and cases cited. Then too, in seeking the intent of legislation, its object must be taken into account. *State ex rel. McNamara* v. *Civil Service Commission*, 128 Conn. 585, 588, 24 A.2d 846; *People's Holding Co.* v. *Bray*, 118 Conn. 568, 571, 173 A. 233. It is difficult to believe, in the absence of clear and unequivocal language, that the legislature, in the light of the situation which it had remedied and the legislation which it had so recently adopted for that purpose, intended, by the language it used in the revision, to take a step backward. See *Chambers* v. *Lowe*, 117 Conn. 624, 628, 169 A. 912; *Jennings* v. *Connecticut Light & Power Co.*, supra, 667, and authorities there cited. Furthermore, unless it clearly appears otherwise, revisers are presumed to have expressed in their revision the intent of existing statutes, though they may have altered the form of their statement.

*Sigal* v. *Wise,* 114 Conn. 297, 305, 158 A. 891; *Bassett* v. *City Bank & Trust Co.,* 115 Conn. 393, 401, 161 A. 852; *In re Appeal of Dattilo,* 136 Conn. 488, 492, 72 A.2d 50; 2 Sutherland, Statutory Construction (3d Ed.) § 3709. The word "state" means "a body of people occupying a definite territory and politically organized under one government." *McLaughlin* v. *Poucher,* 127 Conn. 441, 447, 17 A.2d 767; see also *Terry* v. *Olcott,* 4 Conn. 442, 445. On this theory, the subdivision of a state would be a body of people less in number than the total number in the state, politically organized, and occupying a part of the territorial area of the state—hence a city, borough or town.

The plaintiff also points to changes made in 1941, when §§ 694f, 695f and 696f of the 1941 Supplement were substituted for the previous legislation. These sections now appear as General Statutes §§ 7214, 7215 and 7216. The plaintiff argues that all must be read together and that § 7216, which authorizes the attorney general to furnish to certain persons a certified copy of the contract and the bond for any public work, indicates that only contracts made by the state and its officers, boards, branches and departments are intended, because the attorney general can be concerned only with state contracts. The attorney general is an executive officer of the state. General Statutes § 77. The duties conferred upon him by § 7216 are purely ministerial in character. He is in a position to require the officers of any political subdivision to furnish to him copies of contracts and bonds for public works entered into by them in behalf of their municipalities. He is bound to be recognized as a state officer, and with the authority of this statute behind him his requests must be recognized. His selection by the legislature

to perform this function means no more than that the legislature, as a matter of administrative convenience, adopted this method for the securing of a copy of the contract and the bond involved in a particular public work. *Rogers* v. *County Commissioners,* 141 Conn. 426, 430, 106 A.2d 757. Section 7214 is applicable to the contract involved in the case at bar so far as the requirement of a bond is concerned.

The plaintiff contends further that furnishing the bond for materialmen and subcontractors was not a condition precedent to the formation of a contract. It argues that the several predecessors of § 7214 contained a specific provision that the furnishing of a bond was "a condition precedent to the execution of a contract" for the public works referred to in the legislation. When, in 1941, the legislature adopted § 694f (now § 7214), the quoted words were not retained. Instead, the wording "[b]efore any contract . . . is awarded to any person, such person shall furnish . . . a bond in the amount of the contract" was used. This language is as definite as the language discarded and imposes the same requirement. Furthermore, there is a presumption that an amendatory act does not change the existing law further than is expressly declared or necessarily implied. 1 Sutherland, Statutory Construction (3d Ed.) p. 414. The furnishing of a bond is mandatory, and no valid contract could be made without compliance with this requirement. *Bay State Street Ry. Co.* v. *Woburn,* 232 Mass. 201, 203, 122 N.E. 268; 10 McQuillin, Municipal Corporations (3d Ed.) p. 230. The trial court correctly held that the parties had not entered into a valid contract.

There is no error.

In this opinion the other judges concurred.