SYLVESTER A. FORGETTA *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT   HARTFORD COUNTY   FILE No. 118425

LENA F. RAGNA *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT   HARTFORD COUNTY   FILE No. 118426

Memorandum filed January 4, 1960

*John J. Bracken,* of Hartford, for the plaintiff in each case.

*Albert L. Coles,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

TROLAND, J. This case is an appeal by the treasurer of the state of Connecticut from a decision of the unemployment commissioner for the first Congressional district. The question for decision is whether the employees of the bonus division in the office of the state treasurer are eligible for unemployment compensation benefits.

In 1955, the legislature passed an act providing a bonus for veterans of the Korean period, applications for which shall be filed before July 1, 1957. Cum. Sup. 1955, §§ 1670d–1681d. A new division was created in the office of the treasurer, to whom the administration of the act was entrusted. Section 1673d reads as follows: "Sec. 1673d. Treasurer may hire employees. The state treasurer may appoint such employees as he may deem necessary for carrying out the provisions of this part, always giving preference in making such appointments to veterans, veterans having service-connected disability being given first preference. Such employees need not be subject to chapter 14." The time limit for filing bonus applications was extended during the 1957 legislative session to December 31, 1957; Public Acts 1957, No. 366; thereafter, at the March, 1958, special session (Public Act No. 13), the right to the bonus payment, which had already expired, was revived and extended to September 30, 1958.

The plaintiffs were employees of said bonus division from July 18, 1955, to February 13, 1959, when

the operations of the bonus program, for which they were hired, finally terminated. They have filed claims for unemployment compensation benefits, and the question is whether they are within the class of state employees to whom the legislature has extended the right to such benefits. The treasurer claims that the provision in § 1673d that "such employees need not be subject to chapter 14 [of the 1949 Revision]" is an amendment by implication of § 310 of the 1949 Revision; that the plaintiffs are persons designated by § 310 as so amended; and that they are not entitled to unemployment compensation benefits.

There are two classes of positions in the state service, (1) the classified service and (2) the positions exempt from the classified service. The classified service is defined in the statutes as follows: " 'classified service' shall mean any office or position of trust in the state service, whether full-time or part-time, for which compensation is paid, with such exceptions as are stated in section 310." Rev. 1949, § 309 (General Statutes § 5-2). The incumbents filling such positions are in the merit system and are subject to chapter 14 of the 1949 Revision. The positions exempt from the classified service, the smaller of the two classes, are enumerated in § 310 of the 1949 Revision (General Statutes § 5-3), which is part of chapter 14, entitled "Merit System for State Employees." The incumbents filling such positions are not in the merit system and not subject to said chapter 14.

Prior to 1953, state employees were not eligible for unemployment compensation benefits. Rev. 1949, § 7495 (a) (5) (D). Effective July 1, 1953, the Unemployment Compensation Act was amended extending its benefits to all state employees except "persons designated by section 310, as amended by

section 85c." Cum. Sup. 1953, § 2299c (General Statutes § 31-222 [a] [5] [D] [2]).

In carrying out the duties as directed for paying the Korean bonus, the state treasurer established sixty-eight positions in his office and employed sixty-eight persons. The plaintiff Sylvester A. Forgetta was employed as a clerk, grade I, on July 18, 1955. He was promoted to clerk, grade II, on September 2, 1955, and to claims examiner, grade I, on September 6, 1957. He was granted the regular three weeks' vacation leave in 1956, 1957 and 1958. The plaintiff Lena F. Ragna was employed as a clerk, grade II, on July 18, 1955. She received an anniversary increase on each of the following dates: August 1, 1956, August 1, 1957, and August 7, 1958. She was granted the regular three weeks' vacation in 1956, 1957 and 1958.

The personnel of the bonus division received all the benefits of other state employees (as provided by chapter 14) except tenure. The plaintiffs were both veterans. They were not given an examination by the personnel department of the state as to their qualifications and fitness for the positions to which the treasurer appointed them. In making his appointments to the bonus division, the treasurer was directed to give preference to veterans. The statute said: "Such employees need not be subject to chapter 14." § 1673d.

The treasurer now claims that the above-quoted sentence means that such employees cannot be in the classified service and that said sentence by implication amends § 310, which sets forth the positions exempt from classified service, by adding thereto the newly created positions in the bonus division. The unemployment commissioner for the first Congressional district rejected the above claim by the treasurer.

It seems clear that the treasurer was empowered in his discretion to appoint employees to the bonus division without competitive examination to determine merit and fitness, and without applying to the personnel director for certification that the positions were necessary for carrying on work of the state. However, when appointed, the plaintiffs became occupants of an office or position of trust in the state service for which compensation was paid, and they continued to occupy such positions for more than three years and until the time they were dismissed. They were therefore in the "classified service" unless the positions held came within one of the exceptions designated in the act.

The statute then in effect (Rev. 1949, § 310, as amended by Cum. Sup. 1955, § 115d [General Statutes § 5-3]), which sets forth the positions exempt from the classified service, contains no applicable exemption. The plaintiffs are therefore employees in the classified service and eligible for unemployment compensation benefits unless it can be held, properly, that the sentence in § 1673d, "Such employees need not be subject to chapter 14," by implication adds the newly created positions in the bonus division to the list of positions exempt from the classified service.

Amendments by implication are not favored. The terms of § 1673d are not in conflict or inconsistent with any prior law so that they cannot stand together. 1 Sutherland, Statutory Construction (3d Ed.) § 1913; *Norwalk* v. *Daniele,* 143 Conn. 85, 89. If the legislature had intended to add these positions to the list of those exempt from the classified service, it could easily have expressed that intent quite clearly. The court should not speculate upon any supposed intention not appropriately expressed in the language of the act itself. *Mad River Co.* v. *Wolcott,* 137 Conn. 680, 688.

Upon the facts found, the conclusion and decision by the unemployment commissioner that the plaintiffs were entitled to benefits under the Unemployment Compensation Act was correct.

Judgment may enter dismissing the appeals.