[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTIONS FOR SUMMARY JUDGMENT (#108, #110)
The plaintiff, O G Industries, Inc., filed a complaint on January 11, 1991, alleging that the defendant Town of New Milford's CT Page 1059 failure to obtain a payment bond from Austin Driveway Services, Inc., (Austin) resulted in damages to the amount of $95,000.00. The plaintiff also alleges that the defendant awarded a contract to Austin pursuant to which Austin would pave public roads and parking lots in New Milford. O G claims that the defendant failed to obtain a payment or materialman's bond in the amount of the contract prior to awarding said contract. Austin contracted with the plaintiff to supply the road construction materials and supplies necessary for the completion of the town's contract. The plaintiff supplied the materials, but Austin failed to perform. Austin is currently in bankruptcy, and is indebted to the plaintiff in the amount of $93,344.95.
On February 22, 1991, the defendant filed an answer to the complaint, denying most of the allegations set forth therein. On November 18, 1991, defendant filed a motion for summary judgment and attached thereto a memorandum and supporting affidavits and exhibits. On November 21, 1991, the plaintiff also filed a motion for summary judgment, attaching thereto a supporting memorandum and supporting affidavits and documents. Neither party filed a memorandum in opposition to the other's motion for summary judgment.
Summary judgment is provided for in Practice Book 378-384, and is a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990) (quoting Practice Book 384). Additionally, the trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990).
Both parties to this action have agreed that there are no factual issues in dispute and, therefore, the only matter left for this court to resolve is in whose favor judgment should enter.
In its memorandum in support of its motion for summary judgment, the defendant claims that it is not liable to the plaintiff pursuant to General Statutes 49-41. The plaintiff, in its memorandum in support of its own motion for summary judgment, claims that section 49-41(a) imposes a mandatory ministerial duty upon the defendant to secure a bond and, therefore, the defendant is liable to the plaintiff as a matter of law.
General Statutes 49-41(a) states, in pertinent part:
 Before any contract exceeding twenty-five thousand dollars in amount for the construction, alteration or repair of any . . . public work of the state or of any subdivision thereof is CT Page 1060 awarded to any person . . . that person shall furnish to the state or the subdivision a bond in the amount of the contract which shall be binding upon the award of the contract to that person, with a surety or sureties satisfactory to the officer awarding the contract, for the protection of persons supplying labor materials in the prosecution of the work provided for in the contract for the use of each such person. . . .
Id.
Any person who has furnished labor or material as outlined in49-41(a) can enforce his right to payment on the bond by suing the municipality pursuant to General Statutes 49-42. General Statutes 49-42(a). Section 49-42 has its origins in chapter 118 of the Public Acts of 1917. Nor'easter Group, Inc. v. Colossale Concrete, Inc., 207 Conn. 468,477-478, 542 A. 692 (1988). Chapter 118 was:
 enacted in reaction to [a 1909 case in which the court] . . . held that a mechanic's lien could not lie against the state or any of its subdivisions. To ameliorate that situation chapter 118 . . . required a general contractor to furnish a payment bond with surety for the protection of subcontractors who provided labor or material for public works projects.
 In 1941, the legislature enacted General Statutes 695f, a predecessor of 49-42. . . That enactment established the basic procedural format for suit by subcontractors on public works projects which exists until the present day.
Id. at 478-79 (emphasis added).
In the present matter, the plaintiff seeks payment from the defendant as a result of Austin's failure to pay the plaintiff. The defendant's defense is, essentially, that it has already paid, in full, Austin, and that Austin, not the defendant, IS liable to the plaintiff. The defendant also contends that 49-41 does not impose upon it any duty to collect a bond.
Exhaustive research reveals no decisions by the courts of this state directly on point. However, In Royal School Laboratories, Inc. v. Watertown, 236 F. Sup. 950 (P. Conn. 1965) rev'd on other grounds,358 F.2d 813 (1966), the court, Zampano, J., dealt with a similar issue. In Royal School, Twombly Associates, Inc., a Massachusetts corporation contracted with the defendant Town of Watertown for the furnishing and installation of science laboratory furniture and equipment in the town's high school. The plaintiff supplied and delivered the equipment and furniture to the defendants pursuant to its obligations as a subcontractor and materialman under the contract. When Twombly filed for bankruptcy and left the plaintiff unpaid, the plaintiff brought suit against the town, inter alia, in tort, predicated on the fact that the town failed to CT Page 1061 obtain a payment bond from Twombly for the protection of subcontractors and materialmen in accordance with General Statutes 49-41.
The Royal School court determined that the duty imposed by49-41 to furnish a bond is mandatory, that such a duty is placed upon the town, and that "no valid contract could be made without compliance with this requirement.'" Royal School, supra at 954 (quoting Norwalk v. Daniele, 143 Conn. 85, 89, 119 A.2d 732 (1955)).
In the present case, the defendant relies heavily upon the fact that General Statutes 49-41(a) states that "[b]efore any contract . . . is awarded to any person . . . that person shall furnish to the state or the subdivision a bond in the amount of the contract . . ." General Statutes 49-41(a). (Emphasis added.) This, claims the defendant, places the duty to provide a bond upon the person who will do the contracted-for work, here, Austin. Therefore, the town contends, it cannot be held liable for the failure of Austin to provide such a bond. General Statutes 49-41(b) states, in pertinent part, that:
 Nothing in this section . . . shall be construed to limit the authority of any contracting officer to require a performance bond or other security in addition to the bond herein referred to. . . .
Id. (Emphasis added.) Thus, the legislature has placed upon the town a discretionary duty to demand security in addition to that which it is required to collect pursuant to 49-41(a). Implicit in the requirement that a "person shall furnish to the state or the subdivision a bond in the amount of the contract," 49-41(a), is the duty of the state or the subdivision's officer to collect that bond. Because the duty pursuant to 49-41(a) to provide a bond is mandatory, see, e.g., Norwalk v. Daniele, supra at 89, the duty upon the town to collect said bond is also mandatory. Thus, as was the case in Royal School, the duty upon the Town of New Milford to collect a payment bond from Austin was mandatory and, therefore, ministerial. See, e.g., Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167-68,544 A.2d 1185 (1988).
It is well settled "that a public official is liable to an individual for his failure to perform a ministerial duty imposed upon him by statute only if the statute creates a duty to the individual." Leger v. Kelley,142 Conn. 585, 589, 116 A.2d 429 (1955). See also Gordon, supra at 166. However, if the improper performance of the duty imposed affects either an individual or a class of which the individual is a member in a different manner than it affects the public in general, liability will be imposed upon the municipal body. Leger, supra at 589-91; see also Gordon, supra.
General Statutes 49-41 explicitly provides for the protection of persons supplying labor or-materials in the protection of the work provided for on a public project, and is designed to ensure that such persons "`may be sure of payment of their just claims, without defeat CT Page 1062 or undue delay.'" American Masons' Supply Co. v. F. W. Brown Co.,174 Conn. 219, 227, 384 A.2d 378 (1978) (quoting Pelton King, Inc. v. Bethlehem, 109 Conn. 547, 556, 147 A. 144 (1929)). See also Nor'easter Group, Inc., supra at 478-79.
In accordance with the previous analysis, a mandatory-ministerial duty exists whereby the defendants are, and were, required to obtain a payment bond pursuant to General Statutes 49-41. The failure of the defendant to obtain such a bond constitutes a breach of the duty owed the plaintiff, and therefore, the plaintiff has a remedy for its losses against the defendant in tort. Consequently, because there exists no genuine issues as to any material facts, the plaintiff's motion for summary judgment is granted, the defendant's cross motion for summary judgment is denied, and the plaintiff is awarded damages in the amount of $93,344.95 plus interest.
PICKETT, J.