[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO ADD DEFENDANT
On August 24, 1989, Diane Gellenbeck was assaulted in and abducted from a parking garage on Talcott Street in Hartford, and brought to Keney Park where she was brutally murdered. Edward Gellenbeck, Administrator of the Estate of Diane Gellenbeck, has brought this action against the defendants, who allegedly failed to provide adequate security in the parking garage. The plaintiff claims that the failure to provide adequate security was a substantial factor and the proximate cause of the criminal assault in which Ms. Gellenbeck was killed.
Ms. Gellenbecks' assailant, Daniel J. Webb ("Webb"), has been convicted of murder and sentenced to death. State v. Webb, CR89-371150 (September 12, 1991). The plaintiff has not brought an action against Webb.
The defendants have moved to add Webb as a party defendant to CT Page 1020 this action pursuant to 52-102 and 52-572h of the Connecticut General Statutes. The plaintiff objects on the grounds that 572h applies only to negligence actions.
Section 52-572h was enacted as part of the Connecticut Tort Reform Act, No. 86-338 of the 1986 Public Acts, and amended by Connecticut Tort Reform II, No. 87-227 of the 1987 Public Acts. Section 52-572h(c) provides in pertinent part:
 in a negligence action to recover damages resulting from . . . wrongful death . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable damages.
Prior to the enactment of 52-572h, Connecticut common law prohibited the apportionment of liability among defendants. Biro v. Hill, 214 Conn. 1, 6 (1990). Section 52-572h(c) authorizes apportionment of liability among defendants in derogation of common law and, therefore, must be strictly construed. National Fire Proofing Co. v. Town of Huntington, 81 Conn. 632, 634 (1909).
According its plain language, 52-572h applies only to negligence actions. Belanger v. Village Pub I, Inc., 26 Conn. App. 509,513 (1992). Therefore, it does not apply to the actions of Webb, which were intentional, and not negligent.
For the foregoing reasons, the motion to add Webb as a party defendant for apportionment purposes is denied.
By the Court,
Aurigemma, J.