[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS AS TO SOUTHERN CONNECTICUT STATE UNIVERSITY (No. 107)
The motion to dismiss now before the court presents a narrow issue of statutory construction. Conn. Gen. Stat. § 52-556 provides that, "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury." The question presented here is whether the statutory "right of action against the state" includes the right to bring an action against Southern Connecticut State University ("SCSU"), a constituent unit of the state Department of Higher Education. See Conn. Gen. Stat. § 10a-1. For the reasons briefly stated below, the answer to this question is in the affirmative.
For purposes of this motion, the facts alleged in the complaint are undisputed. (The defendant declined an invitation to present evidence at the hearing.) The plaintiff, Runzirai C. Mahachi, alleges that on October 8, 1998, he was a passenger in an automobile rented to SCSU. Mahachi was injured in a one-car accident that he claims was caused by the negligence of the driver who, he contends, was an agent of SCSU. For purposes of this motion, SCSU does not dispute either the driver's status or Mahachi's claim that the vehicle was insured by the state.
Mahachi commenced this action by service of process on October 4, 2000 against a number of defendants. SCSU was named as a defendant, but "the State" itself was not. On December 22, 2000, SCSU filed the Motion to Dismiss now before the Court. The motion was argued on July 2, 2001. The sole point pressed by SCSU at argument is that Mahachi has made a fatal error in bringing this action against SCSU rather than the State of Connecticut. In the opinion of SCSU, the waiver of immunity set forth in Conn. Gen. Stat. § 52-556 extends only to actions brought against "the state" itself. Both sides agree that this issue has not been addressed by any controlling precedent.
While the question of just who (or what) must be the defendant in a CT Page 8832 § 52-556 action is not foreclosed by precedent, our jurisprudence contains some guideposts. "The word `state' has various meanings."McLaughlin v. Poucher, 127 Conn. 441, 447, 17 A.2d 767 (1941). Although the term ordinarily means "a body of people occupying a definite territory and politically organized under one government"; City ofNorwalk v. Daniele, 143 Conn. 85, 88, 119 A.2d 732 (1955); it has other meanings as well. It has, for example, long been established that the prohibitions of the Fourteenth Amendment, textually directed to actions committed by a "State," "have reference to actions of the political body denominated a State, by whatever instruments or in whatever modes that action may be taken." Ex parte Virginia, 100 U.S. 339, 346-47 (1880). This is because "[a] State acts by its legislative, its executive, or its judicial authorities. It can act in no other way." Id. at 347. For similar reasons, state instrumentalities are entitled to be treated as a "State" for purposes of the Eleventh Amendment. See Davidson v. Board ofGovernors, 920 F.2d 441, 442 (7th Cir. 1990) (holding Western Illinois University to be "the State of Illinois for purposes of the Eleventh Amendment").
The law of sovereign immunity also provides a clue. For purposes of state law, a state university is as entitled to sovereign immunity as the "State" itself. Fetterman v. University of Connecticut, 192 Conn. 539,550, 473 A.2d 1176 (1984). Ironically, SCSU claims the benefit of sovereign immunity in the very motion now before the court. Putting issues of waiver to one side, SCSU is entitled to the benefit of that doctrine precisely because it is the "State." But this analysis does not help SCSU here. Fetterman's analysis rests on the proposition that "because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect against the state. . . . Therefore, we have dealt with such suits as if they were solely against the state." Id. at 550-51. (Citations omitted; emphasis added.)
An internal clue in the text of § 52-556 points in the same direction. The phrase "the state" is employed in § 52-556 twice. The statute's grant of "a right of action against the state" has thus far been the focus of attention. But that right does not even arise unless the motor vehicle in question is "owned and insured by the state." An entity that is "the state" for purposes of the "owned and insured" clause of the statute must, if the statutory text is to be construed in a consistent way, be "the state" for purposes of the same statute's "right of action" clause.
Useful precedent exists on the question of who (or what) must own or insure a motor vehicle for § 52-556 liability to arise. In Hope v.Cavallo, 163 Conn. 576, 316 A.2d 407 (1972), the Supreme Court accepted CT Page 8833 the proposition that § 52-556 liability could arise from a motor vehicle "under the jurisdiction of the Connecticut Air National Guard State Military Department." Id. at 584. Similarly, in Rivera v. Fox,20 Conn. App., 619, 569 A.2d 1137, cert. denied, 215 Conn. 808, 576 A.2d 538
(1990), the Appellate Court had no trouble in considering a case of § 52-556 liability where the motor vehicle in question was owned by the state Department of Transportation and in which, we are told, the Department of Transportation was "the defendant." Id. at 620. (The Department of Transportation escaped liability in Rivera only because its stationary truck was not being "operated"; the fact that it, rather than the "State" owned the vehicle and was named as a defendant appears not to have troubled the Appellate Court.) These cases stand for the unremarkable proposition that § 52-556 liability can arise from vehicles that are owned and insured by state agencies as well as from vehicles that are owned and insured by the "State" itself. The "owned and insured" clause of § 52-556 thus extends to state agencies.
The "right of action" clause of § 52-556 should be similarly construed. The "right of action" conferred by § 52-556 extends not only to actions against the "State" but also to actions against state agencies. As Fetterman teaches, such actions will be dealt with "as if they were solely against the state." 192 Conn. at 551.
The Motion to Dismiss is denied.
 Jon C. Blue Judge of the Superior Court