## BEATRICE WILSON ET AL. *v.* CHARLES MILLER ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued November 8, 1956—decided January 17, 1957

*Walter A. Mulvihill,* for the appellants (plaintiffs).

*Thomas P. Hackett,* for the appellee (defendant Bangor and Aroostook Railroad Company).

DALY, J. The plaintiffs brought this action in 1954 against several defendants, including the Bangor & Aroostook Railroad Company, a corporation organized and existing under the laws of the state of Maine. It is hereinafter referred to as the defendant. The officer's return on the writ and complaint showed service by leaving a copy thereof "with and in the hands of George E. Warren, director," in the town of Washington, Connecticut. The defendant pleaded in abatement on the ground that service upon it, a private corporation established under the laws of another state, was not made in accordance with the requirements of § 7774 of the General Statutes (as amended, Cum. Sup. 1955, § 3149d). The court sustained the plea and rendered judgment dismissing the action in so far as it affected the defendant. From this judgment the plaintiffs have appealed.

The pertinent part of § 7774, which was in effect when the present action was instituted, is as follows: "Process how served; service upon corporations. . . . In actions against private corporations, service shall be made either upon the president, the vice-president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or upon any director resident in this state. In case none of such officers

or directors can be found, service may be made upon the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. In actions against private corporations established under the laws of any other state, any foreign country or the United States, service may be made upon any of the aforesaid officers or agents . . . ."

The issue in the instant case was whether Warren, a resident of this state and a director of the defendant, a corporation established under the laws of another state, came within the statutory designation "any of the aforesaid officers or agents." In the interpretation of any statute it is essential to bear in mind the purpose of its enactment. *Austin* v. *Housing Authority*, 143 Conn. 338, 345, 122 A.2d 399. "The fundamental rule for the construction of statutes is to ascertain the intent of the legislature. This intention must be ascertained from the Act itself, if the language is plain. But when the language used is doubtful in meaning, the true meaning may be ascertained by considering it in the light of all its provisions, the object to be accomplished by its passage, its title, pre-existing legislation upon the same subject, and other relevant circumstances. A statute is to be construed so as to carry out the intent of the legislature, though such construction may seem contrary to the letter of the statute." *Hazzard* v. *Gallucci*, 89 Conn. 196, 198, 93 A. 230; *Bridgeport* v. *Stratford*, 142 Conn. 634, 641, 116 A.2d 508; *Stamford* v. *Stamford*, 107 Conn. 596, 605, 141 A. 891; *Old Saybrook* v. *Public Utilities Commission*, 100 Conn. 322, 328, 124 A. 33. To find the legislative intent we look at the wording of the statute, its legisla-

tive history and its policy. *Sullivan* v. *Town Council,* 143 Conn. 280, 284, 121 A.2d 630; *Cedar Island Improvement Assn.* v. *Clinton Electric Light & Power Co.,* 142 Conn. 359, 364, 114 A.2d 535; *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 658, 103 A.2d 535. Since the language used in that part of the statute which relates to service upon foreign corporations is doubtful in meaning, we look to its legislative history.

The prototype of § 7774 is to be found in § 571 of the Revision of 1902.[1] Section 908 of the Revision of 1888 and chapter 175 of the Public Acts of 1895 were existing statutes and were consolidated in § 571. Section 908 had provided: "In actions against towns, societies, communities, or corporations, the service of the process by the officer by leaving a true and attested copy of it, and of the accompanying declaration or complaint, with or at the usual place of abode of their clerk, or either of the selectmen or committee, or the secretary, or cashier, or in the case of a private corporation having no secretary or cashier, at the principal place in this State, where such corporation transacts its business or exercises its corporate powers, shall be sufficient. When a corporation doing business in this State has no secre-

---

[1] "§ 571. PROCESS HOW SERVED: SERVICE ON CORPORATIONS. . . . In actions against private corporations, service shall be made either upon the president, the vice-president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller, the assistant teller, or its general or managing agent, or upon any director resident in this state. In case none of such officers or directors can be found, service may be made upon the person in charge of the business of the corporation, or upon any person who is, at the time of service, in charge of the office of the corporation in the town in which its principal office or place of business is located. In actions against private corporations established under the laws of the United States or of any other state or foreign country, service may be made upon any of the aforesaid officers or agents . . . ."

tary or cashier resident in this State, service of process upon a resident director, shall be good and effectual service." The 1895 act was entitled "An Act concerning Service of Process upon Foreign Corporations." Section 1 of it provided: "In actions against foreign corporations, service of process may be made upon the president, secretary, or any director or managing or general agent of such corporation . . . ."

Unless it clearly appears otherwise, revisers are presumed to have expressed in their revision the intent of existing statutes, though they may have altered the form of their statement. *Norwalk* v. *Daniele,* 143 Conn. 85, 87, 119 A.2d 732; *In re Appeal of Dattilo,* 136 Conn. 488, 492, 72 A.2d 50. The language of the statute as revised or the legislative intent to change the former statute must be clear before it can be pronounced that the statute was changed in respect to its construction and operation. *Bassett* v. *City Bank & Trust Co.,* 115 Conn. 393, 401, 161 A. 852.

The words "its general or managing agent or upon any director resident in this state," which appear in the first pertinent sentence in § 7774 of the General Statutes and were contained in the corresponding sentence of § 571 of the Revision of 1902, had their origin in the phrase "any director or managing or general agent of such corporation" in § 1 of the 1895 act. This clearly indicates that the legislature did not intend that the operation or construction of the 1895 act should be changed when it and § 908 of the Revision of 1888 were condensed and consolidated into § 571 of the Revision of 1902, which later became § 7774. The manifest legislative purpose in using the phrase "any of the aforesaid officers or agents" was to include within its meaning a per-

son who is a resident of this state and a director of a corporation established under the laws of another state. Since § 7774 must be, and is, so construed, Warren, a resident of this state and a director of the defendant, came within the statutory designation "any of the aforesaid officers or agents," and service was made upon the defendant in accordance with the requirements of the statute.

There is error, the judgment is set aside and the case is remanded with direction to overrule the plea in abatement.

In this opinion the other judges concurred.