For the purposes of this decision the pertinent facts are as follows. On 19 June 1959 the plaintiff perfected its mechanic's lien on the premises here involved by filing a certificate thereof in the town clerk's office. Previously, on 2 June 1959, the defendants Wright had acquired title to the property, their grantor being Delta Properties Inc., who had employed the plaintiff for the services and materials which were the subject of the lien. This action to foreclose that lien was commenced 9 June 1961.
The relevant statute is § 49-39 of the General Statutes, which is as follows: "Limitation of mechanic's lien. No mechanic's lien shall continue in force for a longer period than two years after such lien has been perfected, unless the party claiming such lien, within said period, commences an action to foreclose the same and proceeds therewith to final judgment. Each such lien, after the expiration of two years without action commenced, shall be discharged of record by the person claiming the same, upon the request of the owner of the property upon which the lien had been claimed." The motion of the defendants Wright to erase the action for lack of jurisdiction is based on the claim that the quoted section requires that action to be reduced to judgment within two years.
The decision hence turns on the narrow issue whether the words in the statute "within said period," i.e. two years, modify not only "commences an action to foreclose the same" but also "proceeds therewith to final judgment." The point thus stated has not been decided in the cases which have construed this section. Obviously, the action must be commenced within two years after perfection of the lien. Persky v. Puglisi, 101 Conn. 658, 666 (1925). Whether it must be reduced to final judgment within *Page 331 
that period is another matter. The parties are, of course, opposed in their construction of this point.
"To decide between these conflicting claims, the court is called upon to determine the intent of the legislation." Toll Gate Farms, Inc. v. Milk RegulationBoard, 148 Conn. 341, 343 (1961). The fundamental rule for the construction of statutes is to ascertain the intent of the legislature. Wilson v.Miller, 144 Conn. 212, 214 (1957). In so doing, "the courts look not only to the wording of the legislation but also to its legislative history." TollGate Farms, Inc. v. Milk Regulation Board, supra, 344; Muller v. Town Plan Zoning Commission,145 Conn. 325, 329 (1958); Wilson v. Miller, supra.
The quoted statute originally appeared as chapter 148 of the Public Acts of 1881. It then read: "Section 1. No mechanics' lien shall continue in force for a longer period than two years after such lien has been perfected . . . unless the party claiming such lien shall, within said two years, commence an action to foreclose the same, and proceed therewith to final judgment. Sec. 2. Every such lien after the expiration of such two years without action commenced, shall be discharged of record by the person claiming the same, upon the request of the owner of the property upon which the lien had been claimed. . . ." Note the comma separating the phrase "commence an action to foreclose the same" from "and proceed therewith to final judgment." In virtually this form, it appears as § 3030 of the 1888 revision; § 4148 of the 1902 revision; and § 5231 of the 1918 revision. As reprinted in § 5118 of the 1930 revision, the section is the same, save in one vital respect, namely, that the determinative comma is omitted, as it was in § 7223 of the 1949 revision and in § 49-39 of the 1958 revision, where the section took its present form, quoted above. *Page 332 
There being no amendatory acts relative to this section since the original 1881 enactment, it appears that any changes were revisers' variations. From the language of the statute as it was in its inception, i.e., including the comma, it is obvious that the present phrase "within said period" qualified only the commencement of the action and not the proceeding to final judgment. Hence the legislative intent is completely clear, that the action on the lien must be commenced within two years, but that the reduction thereof to final judgment is not limited to that period. "Revisers are presumed not to change the law." State v. DeGennaro, 147 Conn. 296,303 (1960). "Unless it clearly appears otherwise, revisers are presumed to have expressed in their revision the intent of existing statutes, though they may have altered the form of their statement.Norwalk v. Daniele, 143 Conn. 85, 87 . . . ; In reAppeal of Dattilo, 136 Conn. 488, 492 [Sigal v.Wise, 114 Conn. 297, 305 (1932)]. The language of the statute as revised or the legislative intent to change the former statute must be clear before it can be pronounced that the statute was changed in respect to its construction and operation." Wilson
v. Miller, supra, 216.
The cause of the omission of the comma may well be ground for speculation. They obviously do not include a legislative intent to change the meaning of the act. The change may well have sprung from the modern tendency to be more sparing in the use of punctuation in legislative drafting. In any event, it is the conclusion of this court that the intent of the section is that while the lien shall be discontinued after two years, that limitation does not apply if action on it has been commenced. Such a conclusion is buttressed by the language now comprising the second sentence of the act, which provides the device for discharging the lien of record *Page 333 
"without action commenced" but is clamorously silent as to any such procedure if that commencement has been made.
This day of crowded dockets makes such a result imperative. An action such as this has no privilege of assignment. Practice Book § 131. If contested, it might well remain unreached for two years even if brought immediately after the filing of the lien. Under the contention of the defendants Wright, in such a case the lienor would still lose his security, a result hardly logical or desirable.
While the cases construing this section do not determine the point here involved, one phrase is notable. "The plain intent of this statute is to clear the title to the premises unless an action of foreclosure is brought within the time limited for the continuance of the lien." Persky v. Puglisi,101 Conn. 658, 666. The omission of that language to include the reduction of the claim to judgment as a prerequisite to continuance of the lien is of some significance.
First National Bank Trust Co. v. Griebel,20 Conn. Sup. 460 (1957), does not involve the present issue.
 The motion to erase is denied.