Foster, J.
 

 The question posed by these appeals is whether section 118 of the Alcoholic Beverage Control Laxv constitutes a limitation on the jurisdiction of the Authority which cannot be waived by stipulation.
 

 The facts involved are not disputed. Petitioners are operators of taverns in Maine and Johnson City, New York, respectively. Both had liquor licenses for the periods October 1, 1958 to September 30, 1959, and October 1, 1959 to September 30, 1960. When petitioners’ licenses came up for possible renewal in 1960, the State Liquor Authority had some reasons to believe
 
 *230
 
 that petitioners had violated the Alcoholic Beverage Control Law during the Summer of 1959. The Authority contends that it did not become aware of these possible violations until the middle of August, 1960, and, therefore, it proposed to renew' petitioners’ licenses for the 1960-61 license year upon stipulations that it could still institute revocation or suspension proceedings, and assess penalties for violations which occurred in the 1958-59 license year. Petitioners agreed to these stipulations.
 

 Pursuant thereto, and at a hearing held in December, 1960, petitioners both admitted selling liquor to minors during the Summer of 1959, but claimed that section 118 of the Alcoholic Beverage Control Law precluded revocation or suspension of their licenses for violations occurring at that time. Section 118 of the Alcoholic Beverage Control Law provides in part as follows: “ Notwithstanding the issuance of a license or permit by way of renewal, the liquor authority may revoke, cancel or suspend such license or permit, as prescribed by this section and section one hundred nineteen of this chapter,
 
 for causes or violations occurring during the license period immediately preceding the issuance of such license or
 
 permit, and may recover, as provided in section one hundred, twelve of this chapter, the penal sum of the bond on file during said period ” (emphasis supplied). As a result of the hearing petitioners’ licenses were suspended for a short period, and petitioners then brought the present proceedings to review these determinations.
 

 Special Term pointed out that these cases presented two main issues: (1) should the stipulations, marked Exhibit “ Gr ”, be struck from the Authority’s answers; and (2) were the orders of suspension as made by the Authority otherwise proper? The court then proceeded to hold that the stipulations were improperly pleaded in the answers of the Authority and directed that the same be stricken out in each case. However, the Special Term also held that section 118 of the Alcoholic Beverage Control Law prohibited the Authority from suspending licenses for acts occurring prior to the immediate preceding license period, and thereupon annulled the suspension orders of the Authority.
 

 The Appellate Division, by a divided court, affirmed the ordérs made at Special Term but held that the Special Term
 
 *231
 
 erred in finding that the renewal stipulations were not before the Authority at the time of the hearings. The Appellate Division reasoned that, while the stipulations were not formally received in evidence, it was not disputed that the licenses themselves were before the Authority and, since the renewal stipulations formed the basis upon which the licenses were issued and thus constituted an integral part thereof, they were before the Authority despite the fact that they were not formally introduced into evidence. It seems to us that this holding was eminently correct and we would add that, in proceedings before an administrative board, there is no requirement that the strict rules of common-law pleading or evidence be applied.
 

 The essential issue, therefore, is the effect of the statute and whether the Authority’s jurisdiction was expressly limited thereby. The division between the majority and minority in the Appellate Division was occasioned in part by the effect to be given to the decision in
 
 Matter of Colonial Liq. Distrs.
 
 v.
 
 O’Connell
 
 (295 N. Y. 129). In that case the court held generally that the Authority had the power to revoke a liquor license for violations which occurred in any prior licensing period and were not discovered by the Authority until after the issuance of the license sought to be reviewed. The opinion therein (Thaoheb, J.) did indicate, however, that a revocation for a long-past offense might be an abuse of the Authority’s discretion. At the time the proceeding was instituted in the
 
 Colonial
 
 case, the revocation statute (§ 118) did not contain the clause providing that the Authority may revoke for causes ‘ ‘ occurring during the license period immediately preceding ”. That clause was provided in the 1945 amendment to the statute while the
 
 Colonial
 
 case was in the courts (L. 1945, ch. 522). The decision in the Court of Appeals came after the amendment became effective, but nevertheless it was apparently decided on the law applicable prior to the enactment of the amendment.
 

 A majority of the Appellate Division held on this basis that the decision in the
 
 Colonial
 
 ease was not controlling in the disposition of these cases, and we agree. The language of the amendment is clear and explicit and leaves no room for interpretation or construction. It scarcely seems logical that the amendment was enacted merely to make clear that the Authority had power to suspend or revoke a license for a violation occurring in the preceding period without limiting its power thereto.
 
 *232
 
 Such a construction would, in effect, mean that the enactment of the amendment was a work of supererogation. We do hot ascribe to the theory that the Legislature would pass an act apparently meaningless, and hence we are constrained to the belief that section 118, as amended, should be construed as a statute of limitation on the power of the Authority. There is a perfectly rational basis for the action of the Legislature in limiting the power of the Authority to deal with past offenses. Without fixing a point of no return in this respect, it would always be questionable as to how far back the Authority could go in quest of violations.
 

 There remains, however, the issue whether this limitation of the power of the Authority can be extended by stipulation. We believe the answer to this question should be in the affirmative. Concédedly, the Authority could have withheld action on the applications for renewal-licenses pending the investigation and evaluation of these applications. Hence, under the facts presented, the stipulations were in reality for the benefit of petitioners, for they permitted petitioners to continue in business under renewal licenses pending the investigation of the alleged violations. Moreover, the power of the Authority to procure and act upon stipulations of the character in question is not an open issue, in this court, for the use of such stipulations have previously been approved
 
 (Matter of Maksik
 
 v.
 
 O’Connell,
 
 301 N. Y. 541). Upon this ground, therefore, the petitioners in these cases, who each agreed to these stipulations, cannot now seek review of the -subsequent suspension orders on the basis that the Authority lacked jurisdiction.
 

 The orders appealed from should be reversed, the petitions dismissed and the determinations of the Authority confirmed, without costs.
 

 Chief Judge Desmond and Judges Dye, Fund, Burke and Scileppi concur with Judge Foster; Judge Van Yoorhis dissents and votes to affirm.
 

 In each case: Order of Appellate Division reversed and determination of the State Liquor Authority confirmed, without costs.