## INDUSTRIAL FINANCE CORPORATION v. DANBURY SHOPPING CENTER, INC., ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 128825
AT BRIDGEPORT

Memorandum filed September 1, 1967

---

*Slavitt & Connery,* of Norwalk, and *Pinney, Hull, Payne & VanLenten,* of Danbury, for the plaintiff.

*Cohen & Wolf,* of Bridgeport, for the defendant.

*Rosenberg & Rome,* of Hartford, for the movant Ducci Electric Company, Inc.

GRILLO, J. The movant, Ducci Electric Company, Inc., proceeding under § 49-15 of the General Statutes, seeks to reopen a judgment of strict foreclosure previously rendered.[1] The movant in addition asks that it be made a party defendant, contending that its mechanic's lien enjoys a priority over the plaintiff mortgagee's interest. There is no substantial disagreement as to the facts pertinent to these motions.

Succinctly stated, it is the plaintiff's contention that § 52-325 of the General Statutes as a matter of law prohibits the movant from asserting the alleged priority of its lien, since no application to be made a party was made by the movant prior to the entry of judgment.[2] It is conceded that the

[1] "Sec. 49-15. OPENING OF JUDGMENTS OF FORECLOSURE. Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified at the same term or the term next following that at which it was rendered, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer."

[2] "Sec. 52-325. LIS PENDENS. In any action in a court of this state or in a district court of the United States the plaintiff or his attorney, at the time the action is commenced or afterwards, or a defendant, when he sets up an affirmative cause of action in his answer and demands substantive relief at the time the answer is filed, if the same is intended to affect real estate, may cause to be recorded in the office of the town clerk of each town in which the property is situated a notice of the pendency of the action, containing the names of the parties, the nature and object of the action, the court to which it is returnable and the term, session or return day thereof, the date of the process and the description of the property. Such notice shall, from the time of the recording only, be notice to any person thereafter acquiring any interest in such

movant failed to apply to be made a party prior to the date of judgment. Parenthetically, it might be noted that the original judgment was entered on March 10, 1967, and judgment was reopened on July 13, 1967, concerning which judgment more will be stated hereafter. The plaintiff insists that § 52-325 is, in effect, a statute of limitations prescribing a specific procedure and that a failure to comply strictly with the requirements of the statute, i.e., applying to be made party prior to the date when the judgment is rendered, works a forfeiture of the movant's mechanic's lien rights.

It is true that as a general rule the time fixed by a statute within which a right created by a statute can be enforced is a condition imbedded in the right itself and not a mere limitation affecting remedy or procedure which may be subject to equitable considerations. *Simmons* v. *Holcomb*, 98 Conn. 770, 774. Thus time factors, conditions precedent essential to the establishment of statutory rights, are jurisdictional in character and cannot be avoided upon equitable grounds. *Vegliante* v. *New Haven Clock Co.*, 143 Conn. 571, 580. The movant's rights

---

property of the pendency of the action; and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action. For the purpose of this section an action shall be deemed to be pending from the time of the recording of such notice; provided such notice shall be of no avail unless service of the process is completed within the time provided by law. This section shall be construed to apply to mechanics' liens and all other inchoate liens, certificates of which are recorded subsequent to the recording of the notice of the pendency of the action; and, in suits to foreclose mortgages or other liens, the persons whose conveyances or encumbrances are subsequently executed or subsequently recorded shall forfeit their rights thereunder, unless they apply to the court in which such action is brought to be made parties thereto, prior to the date when the judgment or decree in such action is rendered."

as a mechanic's lienor do not, however, emanate from § 52-325 but from other statutes completely unrelated to that statute—§ 49-33 (mechanic's lien) et seq. The plaintiff's argument would be persuasive if, for example, it were to establish the movant's failure to comply with the (sixty-day) provisions of § 49-34. The doctrine of lis pendens has its origin in equity, and to accord the statute the pernicious impact which the plaintiff suggests—an irrevocable forfeiture of the right of the mechanic's lienor to enforce the lien through a reopening of the judgment—lacks historical justification and would allow procedure to prevail over substance. *King* v. *Bill,* 28 Conn. 593. Thus, the time provisions of § 52-325 cannot, as a matter of law, bar the court from exercising its discretion via § 49-15.

Furthermore, legislatures in passing statutes are presumed to know of the existence of other statutes. *State ex rel. Judson* v. *County Commissioner,* 68 Conn. 17, 23. Section 52-325, therefore, should be read in the light of § 49-15. The authority to reopen a judgment of strict foreclosure on the motion "of any person having an interest therein, and for cause shown," necessarily includes judgments obtained subsequent to causing a lis pendens to be filed. That mode of instituting an action is fundamentally procedural. *Dante* v. *Dante,* 93 Conn. 160, 164.

Nor does the court subscribe to the proposition that there is a limitation to the authority of the court to reopen a judgment under § 49-15, i.e., merely to change law days or to permit additional parties to enter and receive a law day. See *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 576. " 'Reopening a Case.' Is to permit the introduction of new evidence and, practically to permit a new trial." Black, Law Dictionary (4th Ed.). (The judgment file in the instant case indicates, for example, that the court on July 13, 1967, following

a reopening of the previously entered judgment, not only set forth new law days but determined that the allegations of the complaint were true and that a certain sum was due the plaintiff on the complaint.)

Having concluded there is no impediment to reopening the previous judgment, the court's attention is directed to the simple question: Does the movant have an interest in the judgment of foreclosure and does the evidence produced show cause justifying the reopening of the judgment? That the movant has an interest requires no discussion. As to the requirements of cause: The evidence indicates that in conversation and communications between attorneys for the movant, the plaintiff mortgagee, and the owners of the equity, all proceeded in good faith on the assumption that the movant's alleged prior rights would be secured even though it was not a party. It was not until July 28, 1967, when the title company (not, incidentally, a party herein) insuring the title against mechanics' liens notified the movant's attorney that it was contesting the movant's claim since it had no rights by virtue of § 52-325, that the movant found it necessary to make a motion to reopen the judgment and be allowed to intervene. Ducci Electric Company, Inc., would appear to be in a priority position with reference to its mechanic's lien prior to the foreclosing mortgagee, but we need not determine that question to a point of res judicata here, for the court's inquiry is only directed to whether cause for reopening exists, not to determine the substantive rights of the parties. *Hoberman* v. *Lake of Isles, Inc.,* supra, 575.

We are mindful of the claim of the movant that the court should determine priorities in these proceedings, as was done in *Solomon* v. *Pace,* 115 Conn. 702. In that case, however, a determination of that

issue was necessary, since it was a foreclosure action, the plaintiff had asserted in the complaint the claimed interests of the mechanics' lienors and, as found by the Supreme Court, the trial court "had decided the only issue as to . . . [the liens] which was properly within the pleadings" in the action. Our concern is not with the foreclosure action per se, which will of necessity require further pleadings, but with a motion under § 49-15 ancillary to that action, which action includes several other defendants, including others who were also claiming a mechanic's lien and were not parties to the motion.

Another compelling reason necessitating the reopening of the judgment is the fact that the movant's debtor, the owner of the equity, Danbury Shopping Center, Inc., by virtue of the judgment of July 13, 1967, has been accorded a new law day which has not yet arrived and thus is in a position to protect its interest in the property involved. This was done upon the motion of the owner of the equity to reopen the prior judgment. It seems, from an equitable standpoint, incongruous to leave the creditor "out in the cold," to use the vernacular, while the debtor pursues his right under that judgment. The court, especially in foreclosure proceedings, may entertain such questions as it is necessary to determine in order that complete justice may be done. *Hartford Federal Savings & Loan Assn.* v. *Lenczyk,* 153 Conn. 457, 463.

The court, of course, recognizes that the movant might well proceed against the owner of the equity on the basic debt rather than pursue its rights under the mechanic's lien. Equity, however, never does anything by halves. *Barber* v. *International Co.,* 73 Conn. 587, 605. The prevention of circuity of action is favored. *Savings Bank of New London* v. *Santaniello,* 130 Conn. 206, 210.

The concatenation of events preceding notification to the title company and the apparently unexpected position of the title company, recited above, necessitated the entry of additional new counsel into the matter on behalf of the plaintiff. (The title company, of course, is not a party to this action.) This action was intelligent and prudent, since there were indications that an estoppel claim might be made by the movant and possibly would require testimony of original counsel.

Judgment may enter reopening the judgment of July 13, 1967, in accordance with the movant's motion.

Judgment may enter for the Ducci Electric Company, Inc., to intervene as a codefendant and requiring the plaintiff to amend its complaint setting forth the interest claimed by the Ducci Electric Company, Inc.

Judgment may also enter that the Ducci Electric Company, Inc., pay costs of $300 for counsel fees for recently entered counsel.

All counsel are commended for the helpful briefs and arguments presented.