CONNECTICUT STEEL COMPANY, INC. *v.* NATIONAL
AMUSEMENTS, INC., ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued February 7—decision released March 26, 1974

*Anthony J. Lasala* and *David M. Reilly, Jr.,* for the appellant (plaintiff).

*Kalman A. Sachs,* with whom was *Joseph J. Sensale,* for the appellee (named defendant).

MacDonald, J.   The plaintiff, Connecticut Steel Company, Inc., brought an action to foreclose a mechanic's lien against property of the named defendant National Amusements, Inc. (hereinafter the defendant), the lien in question being based upon services and material the plaintiff had provided in erecting structural steel, steel joists and a steel deck on the defendant's property pursuant to plans and specifications for the construction of a building which was to house three movie theaters.   The matter was referred to Hon. Patrick B. O'Sullivan, a state referee, who, exercising the powers of the Superior Court, rendered judgment for the plaintiff

on April 4, 1973. The defendant thereupon appealed from that judgment to this court, but while its appeal to this court was pending, the defendant filed with the trial court a "motion to reopen judgment and to erase for want of jurisdiction," claiming that the plaintiff did not obtain final judgment within two years from the date the action was commenced as required by § 49-39 of the General Statutes. On June 11, 1973, after a hearing on that motion, the trial court opened the judgment of April 4, 1973, and erased the case from the docket. The plaintiff has appealed to this court from the decision of the trial court granting the motion.

This appeal may be said to be a direct result of our decision in *Diamond National Corporation* v. *Dwelle*, 164 Conn. 540, 325 A.2d 259, wherein we construed § 49-39[1] to require a lienor to obtain judgment within two years from the institution of suit to foreclose his lien, and held that the limitation was one against the right rather than the remedy. The trial court based its decision to grant

---

[1] General Statutes, § 49-39, at all times relevant to the case presented here, read as follows: "LIMITATION OF MECHANIC'S LIEN. No mechanic's lien shall continue in force for a longer period than four years after such lien has been perfected, unless the party claiming such lien commences an action to foreclose the same and files a notice of lis pendens in evidence thereof with the town clerk within two years from the date such lien was filed with such town clerk and then proceeds therewith to and obtains final judgment within the next two years from the date such action was commenced. Each such lien, after the expiration of each such two-year period without action commenced and notice thereof filed as aforesaid, or obtaining final judgment, respectively, shall be discharged of record by the person claiming the same, upon the request of the owner of the property upon which the lien had been claimed or such owner's attorney. An action to foreclose a mechanic's lien shall be privileged in respect to assignment for trial."

The statute was amended, in June, 1973, by Public Act No. 73-506, to read as follows: "No mechanic's lien shall continue in force

the defendant's motion on the *Diamond National* case,[2] and the plaintiff's assignments of error are directed primarily at the applicability of that decision to the present case, the correctness of its interpretation of § 49-39 and the constitutionality of that statute as so interpreted. The facts relevant to determining the issues presented here, as disclosed by the record, are that the plaintiff's lien was recorded in October, 1969, its action to foreclose the lien was instituted in August, 1970, and the judgment was rendered, as noted, on April 4, 1973. Thus, prior to judgment there had elapsed a period of less than four years from the perfection of the lien but of more than two years from the institution of the action to foreclose.

We consider first the plaintiff's claim that the court erred in its application of the time limitations of § 49-39, a claim which raises an issue not expressly decided in *Diamond National Corporation* v. *Dwelle,* supra. Relying on the first sentence of § 49-39,[3] the plaintiff argues that the only self-limiting period of time stated in the statute is the

for a longer period than four years after such lien has been perfected, unless the party claiming such lien commences an action to foreclose the same and files a notice of lis pendens in evidence thereof with the town clerk within two years from the date such lien was filed with such town clerk. Each such lien, after the expiration of such two-year period without action commenced and notice thereof filed as aforesaid, shall be discharged of record by the person claiming the same, upon the request of the owner of the property upon which the lien had been claimed or such owner's attorney. An action to foreclose a mechanic's lien shall be privileged in respect to assignment for trial."

[2] Since there was no finding, the memorandum of decision may be consulted to determine the basis for the court's action. *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 506, 242 A.2d 705; *Donohue* v. *Zoning Board of Appeals,* 155 Conn. 550, 553, 235 A.2d 643.

[3] See footnote 1, supra.

four-year provision and that the other time provisions are merely descriptive of the events giving rise to the four-year limitation. In essence, the plaintiff is arguing that the court only loses jurisdiction *after* four years have elapsed from the date of perfection *when* the party has not obtained final judgment within two years of commencing the action.

This issue was not specifically addressed in *Diamond National Corporation* v. *Dwelle,* supra, because the four-year period had elapsed in that case, whereas it had not elapsed in the case before us now. As we said in *Diamond National* (p. 545): "[I]t is not clear from the section [§ 49-39] precisely how the time limitations operate—whether, for example, the lien expires only after four years, or whether it can expire two years after an action has been brought when final judgment has not been obtained." To accept the plaintiff's interpretation of the time provisions of § 49-39 would, however, be inconsistent with the reasoning of *Diamond National* and the cases upon which that decision was based.

As we stated in *Diamond National* (p. 545): "It also might be argued that the 1965 amendment limiting the time for judgment is merely a statute of limitation even though the limit for bringing an action based on a lien is a limitation on the right. This would create the curious situation that § 49-39 would be both a condition on the right and a statute of limitation. . . . [W]e do not believe the legislature intended such a result. The amendment was passed to deal with the problem presented in *Stanley Svea Coal & Oil Co.* v. *Willimantic Savings & Loan Assn.,* 23 Conn. Sup. 329, 183 A.2d 285,

where the Court of Common Pleas had to determine under § 49-39, prior to its amendment, whether final judgment had to be obtained within two years of the perfection of the lien. The court held that it did not. *The legislature, in amending the section, obviously intended that the limitation on the time for obtaining final judgment be treated exactly as the limitation on the time for commencing the action."* (Emphasis added.)

Prior to *Stanley Svea Coal & Oil Co.* v. *Willimantic Savings & Loan Assn.,* 23 Conn. Sup. 329, 183 A.2d 285, and the resulting amendment of § 49-39, this court decided *Persky* v. *Puglisi,* 101 Conn. 658, 127 A. 351, where it was stated (p. 666), with reference to the limit for commencement of an action: "The lien is a creature of the statute, and the General Assembly, which created the right, may set a limit to the term of its existence. . . . The plain intent of this statute is to clear the title to the premises unless an action of foreclosure is brought within the time limited for the continuance of the lien. The phrase 'no mechanic's lien shall continue in force' is conclusive. . . . The lien of this defendant and the liens of others who failed to commence any action of foreclosure within the time limited by the statute, are no longer in force; *as liens they have ceased to exist."* (Emphasis added.)

The reasoning of these cases leads us inexorably to the conclusion that the legislature intended the two two-year time provisions to be treated alike, and to the conclusion that they be treated, in and of themselves, as limitations on the right which do not have to be coupled with the termination of the four-year period in order for the court to lose subject-matter jurisdiction. This view is further buttressed

by the portion of the statute reading as follows: "Each such lien, *after the expiration of each such two-year period* without action commenced and notice thereof filed as aforesaid, *or* obtaining final judgment, *respectively,* shall be discharged of record by the person claiming the same, upon the request of the owner of the property upon which the lien had been claimed or such owner's attorney."[4] (Emphasis added.) In light of these considerations we cannot accept the plaintiff's interpretation of the time provisions of § 49-39.

The plaintiff proceeds to argue that § 49-39 requires action on the part of the property owner before the lien becomes ineffective, pointing, to support its position, to the language of the statute quoted in the preceding paragraph but more particularly to the last few lines thereof providing that such lien *"shall be discharged of record by the person claiming the same, upon the request of the owner of the property upon which the lien had been claimed or such owner's attorney."* (Emphasis added.) The record is devoid of any indication of such a request, nor does the defendant claim such a request was made, but we cannot agree with the plaintiff's contention. The essence of our holding in *Diamond National* was that the time provisions of § 49-39 were limitations on the right. With the expiration of such a limitation, the right itself

---

[4] It is also interesting to note the terminology of § 49-40a, which reads, in relevant part, as follows: "Any mechanic's lien which has *expired* because of failure to comply with the time *limitations* of section 49-39 . . . shall be automatically extinguished . . . of record." (Emphasis added.) While this statute was passed after the institution of suit herein and is thus not in any way determinative of the issues presented here, it was enacted when § 49-39 read as it did during the present action and would indicate a legislative intent that the "limitations" be considered separately.

ceases to exist. See *Persky* v. *Puglisi,* supra. The language upon which the plaintiff relies clearly establishes a procedure for clearing the land records of mechanics' liens which are no longer in force, a procedure perfectly in keeping with the policy behind limitations on mechanics' liens, namely, to keep the title to land free of incumbrances. The defendant, therefore, did not need to make any request of the plaintiff before the lien could be invalidated.

We next consider the claim of the plaintiff that the provisions of § 49-39 are not jurisdictional and contain a statute of limitation which must be pleaded. This claim amounts to nothing more than a request that we overrule our decision in *Diamond National Corporation* v. *Dwelle,* supra, wherein we specifically stated (p. 544): "Here, the limitations . . . are directed so specifically to the cause of action that under the general rule as well as under ordinary rules of construction *the time limitations are limitations on the right.*" (Emphasis added.) We went on to point out that (p. 547): " 'Here the remedy exists only during the prescribed period and not thereafter. . . . In such situations the Statute of Limitations is considered substantive or *jurisdictional* rather than procedural or personal [emphasis added].' *Matter of Benjamin* v. *State Liquor Authority,* 17 App. Div. 2d 71, 73, 230 N.Y.S.2d 888, rev'd on other grounds, 13 N.Y.2d 227, 195 N.E.2d 889; *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 529, 294 A.2d 633; *Vegliante* v. *New Haven Clock Co.,* 143 Conn. 571, 580, 124 A.2d 526; *Industrial Finance Corporation* v. *Danbury Shopping Center, Inc.,* 27 Conn. Sup. 200, 202, 233 A.2d 692." As we have repeatedly held, the question of subject-matter jurisdiction

can be raised at any time; *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 528, 294 A.2d 633; *Carten* v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711; and the lack thereof cannot be waived. *Potter* v. *Appleby,* 136 Conn. 641, 643, 73 A.2d 819; Maltbie, Conn. App. Proc. § 45. We see no reason to overrule so recent a decision of this court, particularly in light of the fact that the great body of law supports the principle that limitations on a mechanic's lien are limitations on the right. See 53 Am. Jur. 2d, Mechanics' Liens, § 357; 57 C.J.S., Mechanics' Liens, § 282 (b); note, 139 A.L.R. 903, 914.

The plaintiff also maintains that the "rule" of the *Diamond National* case should not be applied "retrospectively" to the action involved in this appeal, apparently basing this contention on three arguments, each of which as hereinafter discussed we find to be without merit. The first of the three "retrospective" arguments is that our decision in *Diamond National,* rendered after the original judgment in the case before us, operated to "overrule" *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 286 A.2d 308, upon which the plaintiff had relied. The plaintiff cites numerous cases denying retroactive application of decisions overruling preexisting case law in support of this proposition, but the obvious weakness in this argument is that in *Diamond National* this court construed and applied a statute, § 49-39, which existed at and prior to the commencement of the plaintiff's action herein and furthermore, did not overrule *Jones Destruction, Inc.* v. *Upjohn,* supra. The language in *Jones Destruction* purportedly relied on by the plaintiff was "dictum and was unnecessary to the holding in the case," as was specifically pointed out in *Dia-*

*mond National Corporation* v. *Dwelle,* supra, 544. The plaintiff's second argument on this point is, as stated somewhat unclearly in its brief, that "[t]he defendant cannot use this Court by trying out issues as to its obligations, hoping to win upon other technicalities, and other defenses, and then having been unsuccessful, attempt to raise the claim of the court's jurisdiction in a belated manner." As we have already pointed out, the question of a court's jurisdiction over the subject matter of a dispute can be raised at any time. *Karp* v. *Urban Redevelopment,* supra; *Carten* v. *Carten,* supra. Its third "retrospective" argument contends, albeit somewhat obscurely, that the "rule" of *Diamond National* should not be applied because § 49-39, as construed in that case, does not allow "ready access to the court," at least in a case involving cross pleadings of many defendants and special defenses. In fact, § 49-39 clearly states: "An action to foreclose a mechanic's lien shall be privileged in respect to assignment for trial." This provision is obviously designed to permit "ready access to the court" and would do so if it were taken advantage of by claiming such a case as a privileged matter. There is nothing in the record to indicate that the plaintiff did so claim it.

Finally, the plaintiff makes three additional claims of error, none of which, for various reasons, we need consider at any length. It asserts that § 49-39 is unconstitutional, reiterating its argument that the time limitations are unreasonable. This claim was not raised in the trial court and surfaced only on this appeal. "Only in most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court. The same

general rule has been adopted by the federal courts. . . . 'While it is true that there may be exceptional circumstances which will prompt a reviewing court, where injustice might otherwise result, to consider questions of law which were neither pressed nor - passed upon by the court . . . below, *Hormel* v. *Helvering,* 312 U.S. 552, 556, 61 S. Ct. 719, 85 L. Ed. 1037 (1941), . . . [the plaintiff] has presented no "exceptional circumstances" here which would require departure from the rule.'" *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576.

The plaintiff then claims that its motion to dismiss the original appeal of the defendant should not have been dismissed as moot by this court. We can conceive of no rule of law which would require, prompt or even permit us to consider, in this appeal, the merits of our own action on a motion related to an entirely different appeal which has not been assigned as error for the simple reason that it could not be.

Finally the plaintiff claims that the judgment on appeal, should we find in its favor, ought to preserve the status quo existing on April 4, 1973. Not having found in its favor, it is obviously unnecessary to determine the effect of such a decision on our part.

There is no error.

In this opinion the other judges concurred.