[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On October 3, 1991, the plaintiff, Oxford Paint and Hardware, Inc. (Oxford), filed a five count amended complaint. In count one, which is purportedly instituted pursuant to General Statutes 52-592
and directed against the defendants. Hubert Baxter and Janet Lee Baxter, the plaintiff Oxford alleges that the Baxters entered into a contract with Peter Zander to construct an addition to the Baxters' residence. The plaintiff alleges that Zander obtained CT Page 9227 materials and supplies for use in said construction in the amount of $6,360.71. The plaintiff further alleges that on November 20, 1989, a mechanic's lien in the amount of $6,360.71 was filed and recorded. The plaintiff seeks a foreclosure of that lien.
In count two the plaintiff alleges an unjust enrichment claim against the Baxters for their failure to pay the plaintiff for the materials and supplies obtained by Zander for use in the construction of the addition to the defendants' home.
The remaining three counts of the plaintiff's complaint allege claims against defendants other than the Baxters and these counts are not the subject of the motion currently before the court.
On October 21, 1992, the Baxters filed an answer to the plaintiff's complaint in which they allege three special defenses and a counterclaim. On November 21, 1991, the plaintiff filed a reply to the defendants' special defenses and an answer and special defenses to the defendants' counterclaim. On December 2, 1991, the defendants (Baxters) closed the pleadings between the parties by filing a reply to the plaintiff's special defenses to the defendants' counterclaim.
On December 13, 1991, the defendants (Baxters) moved for summary judgment as to the first and second counts of the plaintiffs complaint and as to their counterclaim against the plaintiff. In support of their motion for summary judgment, the defendants filed the affidavits of Hubert Baxter and Frederick W. Krug, the defendants' attorney; a transcript and memorandum of decision of another civil action between the parties, No. 91-0036182; and a memorandum of law. In opposition to the motion for summary judgment, the plaintiff filed a memorandum of law; a certified copy of the transcript of the proceedings from the other action between the parties; the affidavit of Peter Zander, the general contractor; and the affidavit of Thomas F. Gudsnuk, the plaintiff's attorney.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 380 . . . ." (Citation omitted.) Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). "Any party may move for summary judgment upon any counterclaim . . . as if it were an independent action." Practice Book 379. CT Page 9228
In answer to the plaintiff's first count, which seeks foreclosure of the mechanic's lien filed by the plaintiff in November, 1989, the defendants asserted the following special defense. The defendants allege that on or about March 26, 1990, they filed an application for discharge or reduction of the plaintiff's mechanic's lien pursuant to General Statutes 49-35a(a), which application was assigned Docket No. 90-00319115. The defendants further allege that notwithstanding the court's denial of the application in its entirety on July 3, 1990, and that all proceedings in that action had been concluded, on August 29, 1990 Oxford filed a counterclaim in that action seeking to enforce its mechanic's lien. The defendants allege that on April 2, 1991, the court granted their motion to dismiss the counterclaim on the ground that since all proceedings in that matter had been concluded, the counterclaim was of no effect. The defendants assert that General Statutes 49-39 requires that an action to foreclose a mechanic's lien be brought within one year of recording the lien. The defendants assert that because Oxford's attorney mailed a copy of the counterclaim to the Baxter's attorney and did not cause process to be served upon the Baxters in connection with the counterclaim, Oxford did not "commence" an action against the defendants within one year of the filing of the mechanic's lien. The defendants allege that the plaintiff may not recover under the provisions of 52-592 in the present action, since that section only saves an action that was commenced within the time limited by law.
The defendants argue in their memorandum in support of their motion for summary judgment on count one that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law because "[p]laintiff cannot avail itself of the accidental failure of suit statute, C.G.S. 52-592, to save an action to foreclose a mechanic's lien where it failed to commence any action to foreclose the mechanic's lien within the time permitted by Section 49-39 of the General Statutes."
The plaintiff argues in opposition to the defendants' motion for summary judgment that 52-592(a), which is to be liberally construed, allows a new action to be brought within one year when any action, commenced within the time limited by law, has failed because of dismissal for want of jurisdiction. The plaintiff Oxford contends that because it sought to foreclose its lien by counterclaim in August, 1990, nine months after the filing of the lien, its lien was commenced within the time limited by law and its CT Page 9229 action to foreclose is thus saved from its dismissal by the court for lack of jurisdiction by 52-592.
General Statutes 49-29 provides:
 A mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it, by complaint, cross-complaint or counterclaim, and records a notice of lis pendens in evidence thereof on the land records of the town in which the lien is recorded within one year from the date the lien was recorded or within sixty days of any final disposition of an appeal taken in accordance with section 49-35c, whichever is later. Each such lien, after the expiration of the one-year period or sixty-day period, as the case may be, without action commenced and notice thereof filed as aforesaid, shall be invalid and discharged as a matter of law.
(Emphasis added.)
General Statutes 49-39 provides:
 Any mechanic's lien which has expired because of failure to comply with the time limitations of section 49-39 is automatically extinguished and the continued existence of the lien unreleased of record in no way effects the record owner's title nor the marketability of the same.
(Emphasis added.)
The time provisions of General Statutes 49-39 are "limitations on the right." Connecticut Steel Co v. National Amusements, Inc., 166 Conn. 255, 261, 348 A.2d 658 (1974). "With the expiration of such a limitation, the right itself ceases to CT Page 9230 exists." Id., 261. "The lien is a creature of statute, and the General Assembly, which created the right may set a limit to the term of its existence." (Emphasis added.) Persky v. Puglisi,101 Conn. 658, 666, 127 A. 351 (1925).
When a statute gives a right of action which did not exist at common law and fixes the time within which that right must be exercised, that statutory time period is "a limitation or condition attached to the right . . . a limitation of the liability itself as created, and not of the remedy alone." Diamond National Corporation v. Dwelle, 164 Conn. 540, 543, 325 A.2d 259 (1973). General Statutes 49-39 "is not merely a limitation on the remedy which should be pleaded specially, but is a limitation on the cause of action itself." Id., 543. In a case involving an action instituted pursuant to 52-592 to foreclose two mechanic's liens, the court held that where a mechanic's lien foreclosure action has been dismissed, the accidental failure of suit statute does not retrieve the statutory action and allow another action to foreclose the lien to be brought. Southern Connecticut Gas Co. v. City of New Haven Housing Authority, 5 CTLR 316 (December 5, 1991, Gray, J.).
 Once the actions to foreclose the liens were dismissed, the statutory provisions set forth in 49-39 and 49-40a
controlled. The liens continued to exist, unreleased, since dismissal of the foreclosure actions could not discharge the liens. The dismissal did, however, bring those liens within the ambit of that part of 49-39 requiring the discharge by operation of law of any mechanic's lien perfected for a longer period than one year and no action to foreclose the lien had commenced. Since General Statutes 49-40a automatically extinguished the liens, they cannot be revived by the provisions of General Statutes 52-592, because the court lacks jurisdiction and the parties cannot confer jurisdiction on the court.
Because General Statutes 52-592 does not revive an action to foreclose a lien that has been dismissed if the statutory period has elapsed, the lien at issue in count one expired one year after the date it was perfected, November 20, 1990. The defendant's CT Page 9231 motion for summary judgment on count one is granted.
In count two of its complaint, the plaintiff Oxford alleges that the defendants have been unjustly enriched in the amount of $6,360.71, the amount of the materials and supplies provided to Peter Zander for use in the construction of an addition to the defendants' home and for which materials and supplies the defendants have failed to pay.
The defendants have asserted two special defenses to the plaintiff's second count. In their first special defense to count two, the defendants allege that they paid their general contractor, Peter Zander, $36,000.00 during the period from April, 1989 through October 1989. The defendants further assert that the materials and the supplies for which the plaintiff seeks payment were provided during that same period of time and that the payment to Zander included payment for those materials and supplies.
In their second special defense, the defendants assert that because the plaintiff failed to avail itself of the statutory procedures to foreclose its mechanic's lien under General Statutes49-39, the "plaintiff is barred from enforcing any common law right it may otherwise have to recover in unjust enrichment."
The defendants argue that they are entitled to judgment as a matter of law on count two because absent any agreement between the plaintiff and the defendants, the plaintiff cannot recover under the doctrine of unjust enrichment for materials which it supplied to the defendants' general contractor, where the defendants paid all sums due to the general contractor. They also argue that they are entitled to summary judgment as a matter of law on count two for the reason set forth in their second special defense, that is, the plaintiffs' failure to foreclose its mechanic's lien as permitted by statute acts as a bar to any recovery under the doctrine of unjust enrichment.
In support of their motion for summary judgment, the defendants filed the affidavit of defendant Hubert Baxter in which he asserts that as of November 20, 1989, the date on which the plaintiff Oxford filed its mechanic's lien, the Baxters had paid Zander, the general contractor, $36,000 of the agreed upon price of $52,000 for the construction of an addition to the Baxters' home. The defendant asserts that the payments made to Zander in 1989, which totaled $36,000, were made to pay for all work done and all materials supplied during the time Zander was on the job. CT Page 9232
The plaintiff argues in its memorandum in opposition to the defendants' motion for summary judgment that the defendants were benefited in that they received an addition to their home which consisted of materials supplied by the plaintiff Oxford. The plaintiff argues that when the defendants failed to pay the general contractor the full amount agreed upon for the addition, their enrichment became unjust because the failure to pay the general contractor precluded that contractor from compensating the plaintiff for the materials supplied by the plaintiff.
Unjust enrichment is a legal doctrine which in some cases provides a remedy where no remedy exists pursuant to an express or implied contract. Burns v. Koellmer, 11 Conn. App. 375, 383, 527
1210 (1987). To recover under the doctrine, a plaintiff must show that the defendants were benefitted [benefited] and that the benefit was unjust in that it was not paid for by the defendants and that failure to pay operated to the detriment of the plaintiff. Id.
The plaintiff has alleged in count two, paragraph 16, of its complaint that the general contractor, Peter Zander, "received payments totaling $36,000.00 from the Defendant's (sic) Hubert and Janet Lee Baxter for the work and materials supplied in constructing the aforementioned addition." The plaintiff further alleges in paragraph 17 of the second count that "[t]he plaintiff has not received payment for the materials it furnished for use in the construction of the defendant's (sic) aforementioned addition."
The plaintiff's allegation that it has not been paid is not an allegation that the defendants have failed to pay for the materials supplied by the plaintiff for use in the construction of the addition to the defendant's home. Furthermore, the plaintiff does not allege any contract between the plaintiff and the defendant. The plaintiff has not sufficiently pled facts in support of a necessary element of a claim based on unjust enrichment: that any benefits inuring to the defendants by virtue of the plaintiff's supplies and materials were unjust because they were not paid for by the defendants.
The affidavit of Peter Zander filed by the plaintiff in opposition to the defendant's motion for summary judgment states that he was hired by the defendants to construct an addition to their home for the agreed upon price of $52,000. Zander further states that during the course of the construction, he hired a subcontractor who in turn ordered necessary and essential materials CT Page 9233 from the plaintiff for use in the construction at the defendants' home. While Zander asserted that he was paid $36,000 on the contract price and $1,656.72 as a partial payment against extras and has not been able to collect the balance due under his agreement, he does not state that the amount paid by the defendants does not include payment for the materials supplied by the plaintiff.
A motion for summary judgment may be used to test the legal sufficiency of a complaint after the pleadings have been closed. Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409, 279 A.2d 540
(1971). "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." Id., at 410. The plaintiff's allegation in count two that the defendants have failed to pay the plaintiff, absent an allegation of a contract between the plaintiff and defendant and an allegation that the defendants have failed to pay the general contractor for the plaintiff's materials, is not sufficient to permit the plaintiff recovery against the defendants under the doctrine of unjust enrichment. Moreover, as outlined above, the affidavit of Zander offered by the plaintiff in opposition to the defendants' motion does not put in issue the defendant Hubert Baxter's assertion in his affidavit that the payments made to Zander, which totaled $36,000, included payment for the materials and supplies provided by the plaintiff. The defendants' motion for summary judgment on count two is granted.
Because the motion for summary judgment in count two is granted on the ground that the plaintiff has failed to allege a sufficient claim for unjust enrichment, the court will not address the defendants' second ground that the plaintiff's failure to pursue a foreclosure of the mechanic's lien is a bar to any action based on unjust enrichment.
COUNTER CLAIM
In their counterclaim, the defendants allege that for the reasons set forth in their special defenses, the plaintiff's mechanic's lien is invalid. The defendants further allege that on August 12, 1991, acting through their attorney, they demanded that the plaintiff release the invalid lien pursuant to General Statutes49-51, which the plaintiff refused to do. Pursuant to 49-51(a) the defendants seek orders of the court adjudging the validity or invalidity of liens, awarding damages for the plaintiff's failure to discharge upon request, and reasonable attorney's fees. CT Page 9234
The defendants move for summary judgment on their counterclaim on the following ground. Because the plaintiff's mechanic's lien is invalid by virtue of the plaintiff's failure to bring a foreclosure action within one year of the date of the filing of the lien and because the plaintiff refused to release the lien upon request, the defendants are entitled to a judgment declaring the lien invalid and an award of damages. In support of their motion the defendants have filed the affidavit of their attorney, Fred W. Krug, who attests that he performed the legal services for the defendants in an attempt to obtain the release of a mechanic's lien pursuant to49-51.
The plaintiff's memorandum of law in opposition to the defendant's motion for summary judgment does not address the defendant's motion for summary judgment on their counterclaim but is limited to arguments related to counts one and two.
General Statutes 49-29 states in pertinent part that
 [a] mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected unless the party claiming the lien commences an action to foreclose it . . . . within one year from the date the lien was recorded . . . Each such lien, after the expiration of the one-year period . . . without action commenced and notice thereof filed . . . shall be invalid and discharged as a matter of law.
(Emphasis added.)
General Statutes 49-40a further states that "[a]ny mechanic's lien which has expired because of failure to comply with the time limitations of section 49-39 is automatically extinguished and the continued existence of the lien unreleased of record in no way affects the record owner's title nor the marketability of the same." (Emphasis added).)
General Statutes 49-51, which provides for the discharge of an invalid lien, provides in subsection (a) that
[a]ny person having an interest in any CT Page 9235 real or personal property described in any certificate of lien, which lien is invalid but not discharged of record, may give written notice to the lienor sent to him at his last-known address by registered mail or by certified mail, postage prepaid, return receipt requested, to discharge the lien. Upon receipt of such notice, the lienor shall discharge the lien by sending a release sufficient under section 52-380d, by first class mail, postage prepaid, to the person requesting the discharge. If the lien is not discharged within thirty days of the notice, that person may apply to the superior court for such a discharge, and the court may adjudge the validity or invalidity of the lien and may award the plaintiff damages for the failure of the defendant to make discharge upon request. If the court is of the opinion that such certificate of lien was filed without just cause, it may allow, in its discretion, damages to any person aggrieved by such failure to discharge, at the rate of one hundred dollars for each week after the expiration of such thirty days, but not exceeding in the whole the sum of five thousand dollars or an amount equal to the loss sustained by such aggrieved person as a result of such failure to discharge the lien, which loss shall include, but not be limited to, a reasonable attorney's fee, whichever is greater.
The pleadings do not indicate that the mechanic's lien filed by the plaintiff against the defendants' property on November 20, 1989 was invalid at that time, nor have the parties argued as such. The invalidity of the lien claimed by the defendants is based on the plaintiff's failure to foreclose the lien within one year of it filing. As in the discussion of count one, because the accidental failure of suit statute, 52-592, does not apply to mechanic's lien foreclosures that have been dismissed, the plaintiff's lien expired on November 20, 1990. Therefore, pursuant to 49-39 and 49-40a, CT Page 9236 the plaintiff's lien was automatically discharged as a matter of law, and this court need not adjudge the validity or invalidity of the lien. Further, because the plaintiff's lien was discharged as a matter of law on November 20, 1990, the plaintiff's failure to release the lien upon demand by the defendants was of no effect.
Accordingly, summary judgment shall not enter for the defendant on its counterclaim and the issues raised are considered resolved by the granting of summary judgment for the defendants on counts one and two.
THE COURT CURRAN, J.