[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This controversy began on July 7, 1997, when the plaintiff, Airtech of Stamford (Airtech), filed a certificate of mechanic's lien in writing with the town clerk of Norwalk. The lien related to property belonging to the defendant, 50 Washington Street Realty Corp. (50 Washington), and located at 50 Washington Street in Norwalk.[1]
The plaintiff then commenced this action by a complaint dated June 18, 1998, filed with the clerk on July 2, 1998, and containing a return date of July 21, 1998, seeking a foreclosure of its mechanic's lien. The certified return of service from a deputy sheriff states that process was served on the defendant on June 26, 1998, by certified mail, postage prepaid, return receipt requested, addressed to the Secretary of XL Corporate Services, Inc. (XL Corp.), at 81 Wolcott Hill Road, Wethersfield, as the "agent for service" of 50 Washington. The deputy sheriff indicated that he personally went to that address but was "unable to physically locate such agent after a reasonable and diligent search."[2] The deputy also noted that he did not receive a return receipt from XL Corp. or a notification from the post office that the material had not been delivered to the addressee.
After a default had been entered against the defendant for failure to appear,[3] the plaintiff applied to this court on August 30, 1998, for a further order of notice so that notice of the pendency of this action could be made on the defendant, 50 Washington, at 50 Washington Street, Norwalk, "as listed in the 1998-1999 Connecticut Business Directory." The return of process, including the return receipt from the defendant corporation, was filed on October 15, 1998, stating that a copy of the court's order and notice was served on the defendant by certified mail directed to 50 Washington Street on that date.
50 Washington filed an appearance on February 5, 1999, and an answer.[4] Subsequently, the defendant filed an application pursuant to General Statutes § 49-37 to dissolve the mechanic's CT Page 14140 lien by substituting a bond. An order dissolving the lien was entered on April 9, 1999, substituting a bond in the amount of $15,000. On October 4, 2002, the plaintiff filed a second amended complaint changing the foreclosure action to one against the bond.
The defendant has now filed motion #130 to dismiss pursuant to Practice Book § 10-31(a), asserting that the court has no "subject matter jurisdiction" because the plaintiff failed to commence this action within the one year time limitation of General Statutes § 49-39. Practice Book § 10-31
provides in pertinent part that an assertion of lack of jurisdiction over the subject matter of an action may be challenged by a motion to dismiss.
The plaintiff argues that this motion to dismiss by the defendant has nothing to do with subject matter jurisdiction and therefore is untimely because not filed "within thirty days of the filing of an appearance." Practice Book § 10-30. Thus, the first issue is whether the motion to dismiss by the defendant is attacking subject matter jurisdiction or, on the other hand, "lack of jurisdiction over the person." Practice Book § 10-31(a)(2).
Although generally a motion to dismiss "must be made within thirty days of filing an appearance;" Discover Leasing, Inc. v. Murphy,33 Conn. App. 303, 307, 635 A.2d 843 (1993);[5] "[a] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781,787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542,142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997). See Practice Book § 10-33 to the same effect.
General Statutes § 49-39 provides in relevant part that "[a] mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it . . . and records a notice of lis pendens in evidence thereof on the land records of the town in which the lien is recorded within one year from the date the lien was recorded. . . . Each such lien, after the expiration of the one-year period . . . without action commenced and notice thereof filed as aforesaid, shall be invalid and discharged as a matter of law."
Additionally, General Statutes § 49-40a provides that "[a]ny CT Page 14141 mechanic's lien which has expired because of failure to comply with the time limitations of section 49-39 is automatically extinguished and the continued existence of the lien unreleased of record in no way affects the record owner's title nor the marketability of the same." The Supreme Court has stated that "[t]he phrase `no mechanic's lien shall continue in force,' is conclusive." (Citation omitted.) Persky v. Puglisi,101 Conn. 658, 666, 127 A.2d 351 (1925).
"General Statutes § 49-39 provides a time limitation of [one year] between the perfection of the lien and the action to foreclose. The policy behind the limitations on mechanics' liens is to keep the title to land free of encumbrances." Connecticut Steel Co. v. NationalAmusements, Inc., 166 Conn. 255, 262, 348 A.2d 658 (1974). "In Connecticut, a mechanic's lien is a creature of statute and establishes a right of action where none existed at common law." Anthony JulianRailroad Construction Co. v. Mary Ellen Drive Associates,50 Conn. App. 289, 296, 171 A.2d 294 (1998). "The [mechanic's] lien is a creature of the statute, and the General Assembly, which created the right, may set a limit to the term of its existence. . . . The plain intent of [General Statutes § 49-39] is to clear the title to the premises unless an action of foreclosure is brought within the time limited for the continuance of the lien.
"[T]he limitations are directed so specifically to the cause of action that under the general rule as well as under ordinary rules of construction, the time limitations are limitations on the right. . . . Here the remedy exists only during the prescribed period and not thereafter. . . . In such situations the Statute of Limitations is considered substantive or jurisdictional rather than procedural or personal." (Citations omitted; internal quotation marks omitted.)Connecticut Steel Company v. National Amusements, Inc., 166 Conn. 255,262-63, 348 A.2d 658 (1974). Furthermore, the "great body of law supports the principle that limitations on a mechanic's lien are limitations on the right." Id. at 263.
For the purposes of § 49-39, "the time when the action is regarded as having been brought is the date of service of the writ upon the defendant." LaCasse v. Burns, 214 Conn. 464, 475, 572 A.2d 357 (1990). The date when the lien was "perfected," as stated in General Statutes § 49-39, was July 7, 1997, when it was recorded in the Norwalk land records. Thus, the plaintiff had to commence an action to foreclose this lien within one year of that date. There was purported service of process on XL Corp., as agent for the defendant, on June 26, 1998, but there is no evidence that XL ever received any notice. This in turn prompted the plaintiff on August 28, 1998 to seek a subsequent order to provide notice CT Page 14142 to the defendant by serving it at 50 Washington Street, Norwalk.[6]
This was accomplished on October 15, 1998, according to the return by the deputy sheriff. This date is obviously well after the one year period for commencing suit as required by General Statutes § 49-39, and the motion to dismiss for lack of subject matter jurisdiction must be granted.
The plaintiff also argues that service was timely and properly effected on the defendant on June 26, 1988, in accordance with General Statutes § 33-363, when the sheriff mailed process to XL Corp., the defendant's designated agent for service of process, in Wethersfield. However, General Statutes § 33-663 (a) provides that service of process on a corporation is accomplished by leaving process "with such agent." This was not done because the sheriff could not locate this agent, XL Corp.
General Statutes § 33-663 (b) goes on to provide that if the agent cannot be served "after reasonable diligence" on the part of the sheriff, the officer may serve a corporate defendant "by sending . . . process . . . by registered or certified mail . . . addressed to the secretary of the corporation at its principal office." The plaintiffs sheriff did this ultimately by sending process to 50 Washington Street, Norwalk, the address of the defendant corporation. However, this was not done until October 15, 1998, well after the year's limitation on foreclosing a lien or substituted bond had expired on July 7, 1998. The service in June of 1998 was addressed to the defendant corporation's agent for service of process, but not to the "secretary of the corporation at its principal office," as required by General Statutes § 33-663.
The defendant's motion to dismiss for lack of subject matter jurisdiction is granted because neither of the plaintiffs two arguments in opposition is persuasive.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of November, 2002
 __________________ William B. Lewis, Judge (T.R.)