SAVINGS AND LOAN LEAGUE OF CONNECTICUT, INC., ET AL. *v.* CONNECTICUT HOUSING FINANCE AUTHORITY ET AL.

BOGDANSKI, C. J., PETERS, ARMENTANO, SHEA and DALY, Js.

Argued March 5—decision released May 26, 1981

*Albert Zakarian,* with whom, on the brief, were *Nancy DuBois Wright* and *Felix J. Springer,* for the appellants (defendants).

*Ralph G. Elliot,* for the appellees (plaintiffs).

*Bourke G. Spellacy* filed a brief as amicus curiae.

*S. Frank D'Ercole* filed a brief as amicus curiae.

*William R. Breetz, Jr.,* filed a brief as amicus curiae.

BOGDANSKI, C. J.   The defendants in this action are the Connecticut Housing Finance Authority (CHFA), its ten members, and its executive director.   The CHFA is a body politic and corporate, a public instrumentality and political subdivision of the state.   Its statutory purposes include improvement of housing for low and moderate income persons and for persons of all income levels in certain urban areas of the state.

The plaintiffs are the Savings and Loan League of Connecticut, Incorporated, and County Federal Savings and Loan Association of Westport.   The former is a trade association having a membership of thirty-eight savings and loan institutions.   The latter is a corporation in the business of taking deposits and making mortgage loans.

In their action the plaintiffs sought a writ of mandamus requiring CHFA to adopt regulations as if it were a state agency.   They also asked for a temporary injunction to restrain CHFA from expending the proceeds of its 1980 Series A bond

issue, and a permanent injunction to permit CHFA to grant mortgages under its urban area mortgage program only to persons who have been refused mortgages at market rates by two private mortgage lenders. The court granted the order of mandamus, concluded that CHFA must issue regulations, and ordered CHFA to continue its present policies with respect to income limits, sales price of the houses and two refusals of conventional mortgage financing, pending adoption of regulations. The court denied the temporary injunction and held that the issues raised by the prayers for a permanent injunction were premature. Although neither party addressed the issue, the trial court also held that CHFA was an "agency" subject to General Statutes § 4-166. Up to the present time, CHFA has not adopted any regulations.

At trial the plaintiffs contended that Public Acts 1979, No. 79-332 required CHFA to adopt regulations for the conduct of its affairs in accordance with the Uniform Administrative Procedure Act (UAPA), chapter 54 of the General Statutes. Public Acts 1979, No. 79-332, now General Statutes § 8-248, reads as follows: "The authority shall have perpetual succession as constituted in section 8-244 *and shall adopt, amend and repeal regulations for the conduct of its affairs in accordance with chapter 54.* Such succession shall continue until the existence of the authority is terminated by law, but no such law shall take effect so long as the authority shall have bonds, notes or other obligations outstanding. Upon termination of the authority, its rights and properties shall pass to the state." (Emphasis added.)

The statute was substantially the same prior to 1979. The only change Public Acts 1979, No. 79-332

made was to substitute the words "chapter 54" for "sections 4-41 to 4-50, inclusive." Section 8-248 was not amended when §§ 4-41 through 4-50 were repealed and replaced in 1972 by the UAPA. Thereafter, until 1979, the General Statutes were asterisked after "inclusive" to state, "Secs. 4-41 to 4-50, inclusive, are repealed but see Chapter 54."

The parties agree on the proposition that whatever regulations CHFA adopts must be adopted in conformity with the UAPA. The dispute between the parties results from CHFA's contention that § 8-248 does not require it to adopt regulations to govern the conduct of its affairs, but merely mandates the procedure it must follow if it chooses to adopt regulations. The plaintiffs, relying on legislative history, contend that CHFA must adopt as regulations all statements of general applicability. We agree with the plaintiffs' contention.

Section 8-248 states that CHFA "shall adopt, amend and repeal regulations for the conduct of its affairs in accordance with chapter 54." The defendants maintain that a mandate to amend and repeal is absurd; therefore § 8-248 simply specifies the procedure it must use if it chooses to adopt, amend or repeal regulations. The defendants, however, overlook the latter half of the statutory sentence, "in accordance with chapter 54." Chapter 54 mandates adoption of regulations; General Statutes § 4-167; but does not mandate the amendment or repeal of any regulations. Thus, it is in accord with the wording of § 8-248 to require that CHFA adopt, as regulations, all statements of general applicability. By their contention, the defendants would have this court rewrite § 8-248 to read: "If CHFA chooses to adopt, amend and repeal regula-

tions for the conduct of its affairs, it shall do so in accordance with chapter 54." We decline to do so.

To find the legislative intent we look to the wording of the statute, its legislative history and its policy. *Farms Country Club, Inc.* v. *Carini,* 172 Conn. 439, 443, 374 A.2d 1094 (1977); *Royce* v. *Heneage,* 170 Conn. 387, 391, 365 A.2d 1109 (1976); *Wilson* v. *Miller,* 144 Conn. 212, 214–15, 128 A.2d 894 (1957). An examination of the legislative history supports the trial court's interpretation of § 8-248.[1]

Section 8-248 was originally proposed as part of Raised Committee Bill No. 1509 entitled "An Act Concerning Regulation [sic] Promulgated by and Loan Standards of the Connecticut Housing Finance Authority." Its statement of purpose was "[t]o change the standard of proof of nonavailability of private loans for those people who apply for CHFA financing and to clarify that the authority is subject to the administrative procedures act."

Bill No. 1509 as it was ultimately adopted consisted solely of § 8-248. As explained to the senate by Senator Sanford Cloud, the committee chairman who was floor leader of the bill: "This bill would amend § 8-248 of the General Statutes to require the Connecticut Housing Finance Authority to adopt regulations in accordance with the uniform administrative procedures act. The original legisla-

---

[1] The plaintiffs point to statements by Arthur N. Greenblatt, general counsel to CHFA and Lawrence Green, executive vice-president of the plaintiff league, as proper legislative history. Statements at public hearings by nonlegislators are not admissible as a means of interpreting a legislative act and may not be considered. *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 98, 291 A.2d 721 (1971); *Charlton Press, Inc.* v. *Sullivan,* 153 Conn. 103, 111, 214 A.2d 354 (1965).

tion setting up the authority, provided that the authorities shall have perpetual succession as constituted in § 8-244, and shall adopt, amend and repeal regulations for the conduct of its affairs in accordance with §§ 4-41 and 4-50 inclusive. The sections referred to were the predecessors of the current uniform administrative procedures act but the statute dealing with the authority has not been updated to reflect these changes. *This bill makes it clear that it has been the intention of the legislature to require the Connecticut Housing Finance Authority to operate by regulations* just as each and every other state agency is required to do so." (Emphasis added.) 22 S. Proc., Pt. 8, 1979 Sess., pp. 2464–65. Thus the legislative history supports the proposition that § 8-248 mandates CHFA to enact the regulations required by the UAPA, including those of § 4-167.

We are not persuaded by the defendants' contention that the legislative design embodied in chapter 134 evinces an intention to create an independent, flexible corporate entity that should not be required to enact regulations for each statement of general applicability. The defendants maintain that the lengthy regulation making procedures would impede its ability to meet its urgent responsibilities for responding promptly to changing financial conditions. Such a policy argument is more appropriately addressed to the legislature than to this court. It also overlooks the provisions of the UAPA for adopting emergency regulations. See General Statutes § 4-168 (b).

Although the trial court's memorandum of decision addressed two issues, whether § 8-248 requires CHFA to adopt regulations and whether CHFA

was an "agency," the judgment file was limited to holding that CHFA was an "agency." Since we conclude that § 8-248 requires CHFA to adopt regulations, we need not address the issue of whether CHFA is an "agency" for all purposes.

There is no error. We direct that the judgment file be modified to state that § 8-248 requires CHFA to adopt regulations. We further direct that the holding that CHFA is an "agency" be deleted from the file.

In this opinion the other judges concurred.