[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 6182
The plaintiffs, Gary and Darlene Tobin, alleged in their complaint that they sustained property damage to their home and that their minor child, Jillian Rose Tobin suffered personal injuries as a result of a lead poisoning.
Counts one through six of the complaint are directed against Angela Marshall, plaintiffs' realtor, and allege, inter alia, negligence, emotional distress, breach of fiduciary duty and violation of the Connecticut Unfair Trade Practices Act (CUTPA).
Counts seven through twelve are directed against Century 21 — Gold Coast Realtors, Inc., defendant Marshall's employer, and allege, inter alia, negligence, vicarious liability, emotional distress and violation of CUTPA.
Counts thirteen through sixteen are directed against Robert MacNeill, plaintiffs' home inspector, and allege, inter alia, negligence, emotional distress and violation of CUTPA.
Counts seventeen through twenty-two are directed against Eastern Home Inspection, Inc. (EHI), MacNeill's employer, and allege, inter alia, vicarious liability, negligence, emotional distress and violation of CUTPA.
The remaining counts are directed against the Connecticut Housing Finance Authority ("CHFA"). Count twenty-three alleges CHFA's negligence in failing to carry out its statutory duty to insure that the plaintiffs' residence did not pose a health hazard to the plaintiffs. Count twenty-four alleges severe emotional distress as a result of being within the range of danger of CHFA'S negligent and tortious conduct. Count twenty-five alleges a CUTPA violation and the twenty-sixth count alleges severe emotional distress as a result of unfair or deceptive acts by the defendant.
CHFA moved to strike counts twenty-three and twenty-four on the grounds that, as assignee of the mortgage, the defendant owes no duty of care to the plaintiffs. The motion to strike counts twenty-five and twenty-six is on the grounds that the defendant acts under authority of the state and therefore is exempt from a CUTPA claim.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegation of the complaint. Gordon v.CT Page 6183Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). considering a motion, it does not matter whether the prove allegations at trial. Levine v. Bess and Paul Sigel Hebrew Academyof Greater Hartford, Inc., 39 Conn. Sup. 129, 131 (1983). While the motion must admit all facts well-pleaded, it admits neither legal conclusions nor the truth or accuracy of opinions asserted in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
CHFA is governed by Title 8, Chapter 134 of the General Statutes and is a body politic — a public instrumentality and political subdivision of the state. Savings Loan League ofConnecticut, Inc. v. CHFA, 184 Conn. 311, 312 (1981). When enacting the Connecticut Housing Finance Authority Act (CHFAA), the legislature gave CHFA discretionary, policy making authority to carry out the expressed legislative intent; "the purposes of the authority shall be to alleviate the shortage of housing for low and moderate income families and persons in this state. . . ." General Statutes, § 8-250.
Neither CHFAA nor the regulations promulgated thereunder, § 8-245-1 to E-34, impose a duty that CHFA insure that housing made available through the agency be safe or free from danger "Where statutory language is clearly expressed . . . courts must apply the legislative enactment according to the plain terms and cannot read into the terms of a statute something which manifestly is not there in order to reach what the court thinks would be a just result."Johnson v. Manson, 196 Conn. 309, 315 (1985). In the absence of any statutorily imposed duty of care to the plaintiffs, the allegations of count twenty-three and the derivative claims alleged in county twenty-four are legally insufficient to state a cause of action and are therefore ordered stricken.
Note should be made of CHFA's argument set forth in its memorandum of law, that as assignee of the mortgage it owes no duty of care to the plaintiffs. That allegation is outside the pleadings and thus is an allegation of an affirmative matter. Such an allegation is the equivalent of a "speaking motion to strike" and is improper. Connecticut State Oil Co. v. Carbone,36 Conn. Sup. 181, 182-83 (1979). Courts cannot consider extraneous material on a motion to strike. Id. at 183.
Section 42-110c of the General Statutes exempts, in plain language, "transactions or actions otherwise permitted under CT Page 6184 law as administered by any regulatory board or officer acting under statutory authority." Also, see Connelly v. HousingAuthority, 213 Conn. 354 (1990). The purpose of CUTPA is to protect the public from unfair trade practices. Daddona v. LibertyMobile Home Sales, Inc., 209 Conn. 243, 257 (1988).
In the thirteenth paragraph of Count Twenty-five, the complaint alleges that "the course of conduct engaged in by defendant CHFA as set forth above constitutes unfair or deceptive acts or practices in violation of Connecticut's Unfair Trade Practices Act (Connecticut General Statutes § 42-110a et seq.). "The factual allegations made by the plaintiffs are not sufficient, if proven, to amount to immoral, unethical, oppressive, or unscrupulous behavior which substantially injured the plaintiffs as consumers within the contemplation of the statute and the decisions thereunder. See, Cheshire Mortgage Service, Inc. v. Montes,223 Conn. 80, 83 n. 5 (1992).
The plaintiffs, therefore, have failed to establish either a statutory or fact-based claim against the defendant CHFA. Accordingly, the twenty-fifth and twenty-sixth counts of the complaint are ordered stricken.
The motion to strike is granted.