[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant has moved to dismiss the complaint because the plaintiff failed to serve process on the defendant in accordance with 52-57 of the Connecticut General Statutes. The defendant has presented an affidavit signed by the Regional Director of Agency Rent-A-Car, Inc., which states that Altra Auto Rental is a registered trade name of Agency Rent-A-Car, Inc., and that Agency Rent-A-Car, Inc., filed a Trade Name Certificate with the Town of East Hartford. The defendant has appended a copy of the Trade Name Certificate to the aforementioned affidavit.
The defendant also presented the affidavit of the Assistant General Counsel for Agency Rent-A-Car, Inc., which states that that corporation is incorporated in Delaware, and has a principal place of business in Salem, Ohio. The affidavit also states that Agency Rent-A-Car, Inc., appointed CT Corporations Systems as it agent for service of process in Connecticut.
The plaintiff attempted to make service on the defendant by serving the Commissioner of Motor Vehicles and the Secretary of State.
Section 52-57 (c) provides:
 (c) In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice CT Page 11272 president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. In actions against a private corporation established under the laws of any other state, any foreign country or the United States, service of process may be made upon any of the aforesaid officers or agent, or upon the agent of the corporation appointed pursuant to section 33-400.
The plaintiff failed to serve the agent designated by the defendant pursuant to 33-400 of the Connecticut General Statutes. He also failed to serve any resident director, managing agent or other officer of the defendant within the state. See Wilson v. Miller, 144 Conn. 212, 128 A.2d 894 (1957). Service of process on the Secretary of State is only proper where the Secretary of State has been appointed as a corporation's agent for service of process or the corporation has failed to maintain an agent for service of process pursuant to 33-400.
The plaintiff claims that his service was effective because he made service upon "a person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located." Such service is permitted under 52-57. The plaintiff refers the court to the Sheriff's Supplemental Return and Return Receipt, which he has failed to append to his memorandum. A review of the return of service in the court's file reveals that the sheriff sent a copy of the writ, summons and complaint to Altra Auto Rental in Dehan, New Jersey. Service by mail does not comply with 52-57 (a), which requires personal or abode service in this state.
The defendant has not been properly served under 52-57. Therefore, the complaint may be dismissed.
BY THE COURT
Aurigemma, J. CT Page 11273